411 So.2d 430 (1982)
STATE of Louisiana
v.
Valvis V. KIMBLE. (2 cases)
Nos. 81-K-1902, 81-K[A]-2179.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 5, 1982.
*431 Robert E. Tillery, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Wiley Dial, Asst. Dist. Attys., for plaintiff-respondent.
MARCUS, Justice.
Valvis V. Kimble was charged by bill of information in the district court with operating a motor vehicle while intoxicated, second offense, in violation of La.R.S. 14:98. Defendant filed a motion to quash the information on the ground, inter alia, that the time limitation for commencement of trial after institution of prosecution against him for the same offense in the city court had expired. After a hearing, the motion was denied. The matter then proceeded to trial. After a bench trial, defendant was found guilty as charged. Prior to sentencing, we granted defendant's application for certiorari, 406 So.2d 590, to review the correctness of the ruling of the trial judge denying defendant's motion to quash.[1]
*432 On December 30, 1979, defendant was arrested for operating a motor vehicle while intoxicated in violation of Baton Rouge City Code § 11:140 (ORD. No. 2550, § 1, 9-23-70). In connection with his arrest, defendant was issued a "Uniform Traffic Ticket and Complaint Affidavit" bearing No. 82545. On the same day, defendant posted an appearance bond securing his presence in the Baton Rouge City Court on February 14, 1980. File No. 87873 was assigned to this case. On February 14, 1980, the city prosecutor moved the court to transfer the case to the district court believing it to be a third offense over which the city court had no jurisdiction. The city court judge ordered the matter transferred to the district attorney's office for the Nineteenth Judicial District Court. On January 8, 1981, the district attorney filed the instant bill of information charging defendant with operating a motor vehicle while intoxicated, second offense, in violation of La.R.S. 14:98.
Defendant contends the time limitation for commencement of trial after institution of prosecution had expired. He argues that prosecution was instituted in the city court on or before February 14, 1980. He further argues that trial was not commenced within one year from the date of institution of the prosecution; therefore, there can be no prosecution against him for the same offense in the district court.
La.R.S. 13:1894.1 provides in pertinent part:
Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871, on and after July 29, 1970, prosecutions in any city, parish or municipal court, the city, municipal and traffic courts of the city of New Orleans excepted, based on or arising out of the operation of a vehicle by a person while intoxicated may be charged and prosecuted under the provisions of R.S. 14:98 or under any applicable city, parish or municipal ordinance which incorporates the standards and elements of the offense of driving while intoxicated contained in R.S. 14:98....
For purposes of this Section all city, parish and municipal courts shall have concurrent jurisdiction with the district courts over violations otherwise subject to their jurisdiction provided for by R.S. 14:98, except in those cases wherein the person or defendant is charged as a third or subsequent offender under the provisions of R.S. 14:98(D) and (E). If the charge is for a third or subsequent offense, the prosecution shall be had only in the district court and the defendant shall have the right to a trial by jury....
... All such charges filed under the provisions of this Section shall be on affidavit and such charges shall be filed and prosecuted by the city attorney or the city prosecutor when said charges are filed because of violations of any city, parish or municipal ordinance occurring within the territorial limits of the city or municipality and by the district attorney or his representative when said charges are filed because of violations of R.S. 14:98 occurring in or outside of such territorial limits of the city or municipality.
The above statute provides for prosecutions in city courts for operating a motor vehicle while intoxicated under R.S. 14:98 or under a city ordinance which incorporates the standards and elements of R.S. 14:98. For the purposes of this section, city courts have concurrent jurisdiction with the district courts over violations of R.S. 14:98, except in those cases wherein the person is charged as a third or subsequent offender under R.S. 14:98(D) and (E). Hence, the city court had concurrent jurisdiction with the district court in the instant case.
La.Code Crim.P. art. 382 provides:
A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
A prosecution for violation of an ordinance shall be instituted by affidavit. Other criminal prosecutions in a city court and prosecutions in a parish court *433 shall be instituted by affidavit or information. Criminal prosecutions in a juvenile court or family court shall be instituted by affidavit, information, or indictment.
La.Code Crim.P. art. 578 provides in pertinent part
Except as otherwise provided in this Chapter, no trial shall be commenced:
....
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
La.Code Crim.P. art. 581 provides:
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.
La.R.S. 13:1894.1 requires that "[a]ll ... charges ... shall be on affidavit." See also La.Code Crim.P. art. 382. La.Code Crim.P. art. 385 provides:
An affidavit is a written accusation of crime made under oath and signed by the affiant. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof. (Emphasis added.)
In the instant case, defendant was never charged by affidavit. Under R.S. 32:398.4, a traffic ticket may be sufficient to institute prosecution if it is "sworn to" and includes information necessary to charge a person with an offense. The Uniform Traffic Ticket and Complaint Affidavit issued to defendant is in the form of an affidavit. It is a written accusation of crime which adequately informs defendant of the crime for which he is charged. However, the accusations in the ticket, although signed by the arresting officers, were not made under oath or sworn to. Hence, the traffic ticket is not an affidavit and is thus insufficient for the purpose of instituting prosecution. The fact that defendant was arrested and ticketed is of no moment. The purported transfer from the city court to the district attorney's office was merely a matter of bookkeeping. Since prosecution was never instituted in the city court, the time limitation for commencement of trial after institution of prosecution had never commenced to run. Accordingly, prosecution was timely instituted when the bill of information was filed in the district court on January 8, 1981, less than two years after the offense was committed. La.Code Crim.P. art. 572.[2] Hence, this contention is without merit.
The other contentions urged by defendant are likewise without merit. He first argues that since the city court and district court have concurrent jurisdiction, the city court, being the first to obtain jurisdiction, retained jurisdiction to the exclusion of the district court. In view of our finding that prosecution was never instituted in the city court, we do not reach this issue. Next, defendant contends that the district court lacked jurisdiction over his person because he was never issued a summons nor arrested for violation of La.R.S. 14:98. A court, however, also acquires jurisdiction over the person of the defendant by the filing of a bill of information. State v. Polk, 258 La. 738, 247 So.2d 853 (1971); State v. Grey, 257 La. 1070, 245 So.2d 178 (1971). Defendant was charged by information with operating a motor vehicle while intoxicated in violation of La.R.S. 14:98. Hence, the district court had jurisdiction over his person. Finally, defendant argues that the district court failed to charge him by affidavit as required by La. R.S. 13:1894.1. Criminal prosecutions in a *434 district court other than those for an offense punishable by death or for an offense punishable by life imprisonment, shall be instituted by indictment or by information. La.Code Crim.P. art. 382. Hence, defendant was properly charged in the district court by information.
In sum, the trial judge correctly denied defendant's motion to quash.

DECREE
For the reasons assigned, the application for a writ of review in No. 81-K[A]-2179 is denied; the writ previously granted in No. 81-K-1902 is recalled and vacated; the case is remanded to the district court for further proceedings in accordance with law.
CALOGERO, J., concurs for reasons assigned by LEMMON, J.
LEMMON, J., concurs and assigns reasons.
WATSON, J., dissents and assigns reasons.
LEMMON, Justice, concurring.
Even if the prosecution in city court had been properly instituted, the state's attempted transfer to district court clearly signaled the intent to abandon the prosecution in city court.[1] The state's motion to transfer, granted by the city judge, constituted a dismissal of the prosecution in city court.
After that dismissal (which was not for the purpose of avoiding C.Cr.P. Art. 578's time limitation for commencement of trial), prosecution was timely instituted in the district court by the filing of the information within two years of the offense. C.Cr.P. Art. 576.
WATSON, Justice, dissenting.
The State cannot rely upon the City's negligent failure to have the "Uniform Traffic Ticket and Complaint Affidavit" notarized or signed by some person authorized to administer oaths to avoid the time limitation within which to timely commence trial.
Therefore, I respectfully dissent.
NOTES
[1] In addition to applying for a writ of review (No. 81-K-1902) under our supervisory jurisdiction, defendant sought review under our appellate jurisdiction (No. 81-K[A]-2179). Since defendant was convicted of a misdemeanor which carries a penalty that does not exceed a fine of $500 or imprisonment of more than 6 months, there is no right of appeal. La.Const. art. 5, § 5(D). Accordingly, defendant's appeal will be treated as an application for a writ. La.S.Ct.Rule 1, § 11. Since both applications involve identical arguments, they have been consolidated for review.
[2] La.Code Crim.P. art. 572 provides in pertinent part:

No person shall be prosecuted, tried, or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
....
(3) Two years, for a misdemeanor punishable by a fine or imprisonment or both; ....
[1] Under La.Const.Art. V, § 16(A) (1974), the city court lacked jurisdiction over a felony charge of third offense driving while intoxicated, which the city prosecutor believed to be the offense with which defendant would be charged in district court.