KLIEBERT, Judge.
This matter is before us on the grant of an application for writs of review by defendant Daniel E. Becnel, Jr. from his conviction under La.R.S. 32:63(A) to-wit: Operating an auto in excess of the established speed limit. The defendant was issued a speeding ticket on December 2, 1983 while driving his automobile near East St. John High School in Reserve, La. The ticket filed into the record, bearing No. 0427, apprised the defendant that he was being charged with proceeding at a rate of speed of 73 mph in an area designated as a 55 mph zone. The ticket was signed by Deputy Waguespack as complainant, and witnessed by Deputy Meche. Defendant signed the ticket promising to appear in the Twenty-ninth Judicial District Court to answer the charges on March 12, 1984.
On March 12,1984 the defendant entered a plea of not guilty, at which time a trial date of May 15, 1984 was set. On May 15, 1984, trial was held before the Honorable C. William Bradley in the Twenty-ninth Judicial District Court. At trial, Mr. Becnel, Deputy Waguespack and Deputy Meche testified as to the events which occurred on December 2, 1983. At the conclusion of the trial the court found the defendant guilty and imposed a sentence of $35.00 plus court costs.
Here the defendant contends the trial court committed manifest error in concluding defendant was speeding, in violation of R.S. 32:63(A). The testimony presented on speeding at trial was conflicting and required a determination of credibility. The trial judge resolved the discrepancy on the issue of the defendant’s speed in favor of Deputy Waguespack. This was a factual determination resting partly on the credibility of the witnesses. The evidence supports the determination made by Judge Bradley that the defendant was guilty of speeding, in violation of La.R.S. 32:63(A).
Under Louisiana law, when there is conflicting testimony as to a factual matter, the question of credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. McSpaddin, 341 So.2d 868 (La. 1977); State v. Cobbs, 350 So.2d 168 (La. 1977). Since the trial court, looking at live witnesses, was in a better position to judge credibility than we who are looking at a written record, we cannot say the trial court erred.
Further, Deputy Waguespack’s tes- • timony alone is sufficient proof of the defendant’s speed and the fact that Deputy Meche offered no testimony as to the defendant’s speed is of no consequence. It is apparent that Deputy Meche was listed as a witness because he observed Deputy Waguespack pursuing the defendant’s vehicle.
From our review of the record, therefore, we cannot say the trial judge erred in making his factual determination.
However, in the course of reviewing the record, although not urged by the defendant, we found an error patent on the face of the record which falls within the scope of appellate review prescribed by La. C.Cr.P. Article 920(2), i.e., the ticket issued to the defendant, although signed by the officer who issued the ticket, was not sworn to or made under oath.
La.R.S. 32:398.4 provides for the use of a citation as a lawful complaint as follows:
§ 398.4. When copy of citation shall be
DEEMED A LAWFUL COMPLAINT
In the event the citation form provided for in this Part is sworn to and includes the necessary information required under the general laws of this state with respect to a complaint which charges commission of the offense alleged in said citation to have been committed, then such citation, when filed with a court of proper jurisdiction, shall be deemed to be a lawful complaint for the purpose of prosecution under this Part.
In State v. Kimble, 411 So.2d 430 (La. 1982) the supreme court held:
*26 La.R.S. 13:1894.1 requires that “[a]ll ... charges ... shall be on affidavit.” See also La.Code Crim.P. art. 382. La. Code Crim.P. art. 385 provides:
An affidavit is a written accusation of crime made under oath and signed by the affiant. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof. (Emphasis added.)
In the instant case, defendant was never charged by affidavit. Under R.S. 32:398.4, a traffic ticket may be sufficient to institute prosecution if it is -“sworn to” and includes information necessary to charge a person with an offense. The Uniform Traffic Ticket and Complaint Affidavit issued to defendant is in the form of an affidavit. It is a written accusation of crime which adequately informs defendant of the crime for which he is charged. However, the accusations in the ticket, although signed by the arresting officers, were not made under oath or sworn to. Hence, the traffic ticket is not an affidavit and is thus insufficient for the purpose of instituting prosecution. The fact that defendant was arrested and ticketed is of no moment.
Furthermore, Article 382 of the Code of Criminal Procedure provides the methods of instituting criminal prosecution in the district court as follows:
Art. 382. Methods of instituting criminal prosecutions
A prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury. Other criminal prosecutions in a district court shall be instituted by indictment or by information.
A prosecution for violation of an ordinance shall be instituted by affidavit. Other criminal prosecutions in a city court and prosecutions in a parish court shall be instituted by affidavit or information. Criminal prosecutions in a juvenile court or family court shall be instituted by affidavit, information, or indictment.
Accordingly, the conviction and sentence of the defendant is set aside and the case is remanded to the trial court for the proper institution of prosecution and a retrial.
SET ASIDE AND REMANDED.