GAUDIN, Judge.
Peter Marceaux’s active probation was revoked in district court and he was ordered to begin serving an eight-year hard labor sentence for aggravated battery.
On appeal, Marceaux contends (1) that the warrant for the revocation of probation was issued without legal cause and (2) that at the revocation hearing he was denied effective assistance of counsel. We agree with the second contention.
The record indicates that Marceaux’s attorney was appointed five minutes before the hearing. This was not sufficient. Mar-ceaux argues that when the warrant to revoke was signed and issued, he was lawfully in Tennessee with a valid travel permit authorized by the probation office, that the office here neglected to successfully complete the transfer of his file to Tennessee, that he had duly reported to a probation office in Tennessee and that he had not violated any condition of his probation.
Considering the nature and scope of these allegations, Marceaux’s court-appointed lawyer should have been allowed ample investigative time. At the hearing, Marceaux’s attorney did not cross examine the State’s witnesses.
Accordingly, we set aside the order revoking appellant’s probation. We remand to the 24th Judicial District Court for a hearing on whether there was probable cause for the warrant to issue and/or just reasons for probation to be revoked.
REMANDED.