539 So.2d 1273 (1989)
STATE of Louisiana, Plaintiff-Respondent,
v.
Joseph Patrick O'DOYLE a/k/a Jessie William Phillips, Defendant-Relator.
No. K88-885.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Thomas K. Brocato, Gold, Weems, Bruser, Sharp, Sues & Rundell, Alexandria, for defendant-relator.
Charles F. Wagner, Dist. Atty., Alexandria, for plaintiff-respondent.
Before GUIDRY, LABORDE and KING, JJ.
LABORDE, Judge.
We granted a writ of certiorari in this case to consider the correctness of the trial court's order revoking relator's probation. For the reasons expressed below, defendant's writ is made peremptory and accordingly the trial court's order is vacated and relator is discharged from custody.

FACTS
On August 18, 1981, relator, Joseph P. O'Doyle, purchased a used car from Southern Chevrolet Company, in Alexandria. He wrote a $7,500.00 check for the automobile. The check was drawn on an account closed on October 16, 1980; a fact not discovered by the auto dealer until the following day. Subsequently, on March 2, 1982, relator was arraigned on a charge of felony theft. Thereafter, on April 5, 1982, he entered a guilty plea to an amended charge of issuing worthless checks having a value between $100.00 and $500.00, a violation of La.R.S. 14:71. Relator was sentenced to two years in parish prison, with credit for time served, and the remainder of the sentence was suspended. He was placed on *1274 probation for two years.[1] Relator reported only once to the probation officer. He apparently left the jurisdiction in search of employment.
On April 20, 1982, the probation officer sent a letter notifying the trial judge that the relator had "absconded from supervision" and requesting that the judge sign an enclosed arrest warrant for relator. The warrant was issued on April 28, 1982. The probation officer did not hear from relator or know of his whereabouts for over six years. Relator apparently traveled throughout the western states during this period. In June 1988, relator was arrested in Idaho and was returned to Louisiana. He was 67 years old at the time.
A hearing was set to determine whether relator had violated the conditions of probation. Relator then filed a motion to quash the arrest warrant, seeking to dismiss the revocation proceedings. Relator contended that the 1982 arrest warrant for violation of probation was invalid because it was not supported by an affidavit, but merely by a letter from the probation officer. Since the warrant was null and void, its issuance could not interrupt or suspend the running of the probation period which terminated in April of 1984, four years before the arrest in 1988. A hearing was held on July 8, 1988, and the trial judge determined that relator had not complied with the terms of his probation. He was ordered to serve his original sentence of two years in parish prison.

ASSIGNMENT OF ERROR
Relator argues that the trial court erred in overruling his motion seeking to quash the arrest warrant and to dismiss the probation revocation proceeding. Relator argues that the arrest warrant in this case was illegally issued, and therefore could not interrupt or suspend the running of the probation period as provided in Articles 899 and 900 of the Louisiana Code of Criminal Procedure.
A valid arrest requires a complainant's affidavit specifying the circumstances of an offense, the name of the offender (if known), and the name of the victims (if any). La.C.Cr.P. art. 202.[2]
Relator contends that no affidavit was executed by the probation officer. He argues that the letter mailed in 1982 was not an affidavit as it was not sworn to under oath. Article 385 of the Louisiana Code of Criminal Procedure defines affidavit as follows:
"An Affidavit is a written accusation of crime made under oath and signed by the affiant. It must be filed in open court in a court having jurisdiction to try the offense, or in the office of the clerk thereof." (Emphasis added)
The letter was not made under oath. Thus, relator contends that because the warrant was issued without a supporting affidavit, the warrant itself was illegally issued and could not, therefore, interrupt the running of defendant's period of probation. Relator cites State v. Kimble, 411 So.2d 430 (La.1982), where our Supreme Court held that a police officer's traffic ticket, although signed, was not an affidavit because it was not made under oath. Thus, the traffic ticket was insufficient for the purpose of instituting prosecution.
The validity of the warrant is significant in determining if the probationary period has expired. According to La.C.Cr.P. art. *1275 898, once the period of probation expires, the sentence imposed on the defendant is satisfied.[3] The period of probation is interrupted, however, by the issuance of an arrest warrant "for violation of any condition of probation." La.C.Cr.P. art. 899.[4] Relator was sentenced to two years probation which, if uninterrupted, would have expired on April 5, 1984. However, if the warrant issued on April 25, 1982, is valid, the probationary period ceased running on that same date; the sentence was never satisfied, and the trial court's ruling is proper.
The state argues that the affidavit requirement is not applicable to a post-conviction warrant. However, they cite no cases suggesting that a warrant may be supported by less formality in the post-conviction context than in a pre-conviction situation.
We find that the probation officer's letter to the trial judge was not an affidavit as it was not made under oath or sworn to. As no affidavit of any kind was prepared in support of the warrant issued, the warrant itself, was illegally issued, in violation of La.C.Cr.P. art. 202. Thus, the issuance of the warrant had no effect on the running of relator's probation which was consequently satisfied in 1984.
For the reasons stated, the trial court's order revoking relator's probation is vacated and relator is discharged from custody.
WRIT GRANTED IS MADE PEREMPTORY: The judgment of the trial court is vacated and relator is discharged from custody.
NOTES
[1] Relator was placed on two years probation, with conditions as specified in La.C.Cr.P. art. 895. The court ordered relator to make restitution and to pay court costs. The only condition of probation apparently satisfied by relator was the payment of court fees upon his release from jail in 1982.
[2] La.C.Cr.P. art. 202 states in pertinent part:

"A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it."
[3] La.C.Cr.P. art. 898 states:

"Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897, the defendant shall have satisfied the sentence imposed. Where part of a sentence is suspended, this provision shall not apply until the unsuspended part has been satisfied."
[4] La.C.Cr.P. art. 899 states in pertinent part:

"A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.
* * * * * *
D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued. (Emphasis added).