552 So.2d 664 (1989)
STATE of Louisiana, Appellee,
v.
Michael J. MIMS, Appellant.
No. 21,042-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
Rehearing Denied December 1, 1989.
Emmons & Stokes by Douglas L. Stokes, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., John C. Blake, Dist. Atty., Chris L. Bowman, Asst. Dist. Atty., for appellee.
Before MARVIN, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
The defendant, Michael J. Mims, was charged by bill of information with distribution of marijuana, LSA-R.S. 40:967. Pursuant to a plea agreement, the defendant pled guilty to attempted distribution of marijuana, LSA-R.S. 40:967 and 14:27. The trial court sentenced him to three years at hard labor, suspended, and placed him on three years supervised probation conditioned upon his serving weekends in the parish jail for six months. Additionally, he was ordered to pay a fine of $1,500 *665 plus costs. The defendant's probation was ultimately revoked and he was ordered to serve his three-year sentence. This out-of-time appeal challenges the voluntariness of defendant's guilty plea and the effectiveness of counsel at both the guilty plea and revocation of probation proceedings; and asserts that his probation was illegally revoked. For the reasons expressed, we affirm defendant's conviction, treat the assignments dealing with the illegal revocation of probation as writ applications and ultimately reverse the revocation of defendant's probation.

FACTS
On March 3, 1981, a bill of information was filed charging the defendant with distribution of marijuana on or about January 22, 1981. On February 25, 1982, defendant's retained attorney, Paul Henry Kidd, was allowed to withdraw as counsel of record, citing the defendant's refusal to respond to his attempts to communicate with him.
On April 19, 1982, the state orally amended the bill of information to charge the defendant with attempted distribution of marijuana. The record reveals that the court had appointed attorney James M. Fowler to confer with the defendant and to go over with him a document entitled, "Affidavit of Understanding of Constitutional Rights and Maximum Penalty Provided by Law." The defendant pled guilty to the attempted distribution of marijuana charge and was given the fine, three-year suspended sentence and equal term of probation mentioned above, consistent with the terms of the plea bargain.
A letter from Probation Agent Curry to Judge Caldwell, dated July 29, 1982, appears in the record and alleges that the defendant was arrested on July 21, 1982 and charged with possession of hashish with intent to distribute, distribution of marijuana, possession of marijuana, resisting an officer, simple assault, and violation of his probation. There is no further mention of this arrest in the record and the state apparently did not pursue the revocation of defendant's probation based on this alleged criminal activity.
By subsequent letter dated December 3, 1984, Probation Officer Curry advised Judge Whitten that on November 24, 1984, while still on probation, the defendant was arrested and charged with distribution of marijuana, possession of marijuana with intent to distribute, and possession of stolen property. A warrant was issued on December 4, 1984, charging the defendant with violation of his probation. On January 17, 1985, the state Department of Corrections requested that, in light of the charges of November 24, 1984, and the fact that defendant's probation was due to expire on April 19, 1985, a probation revocation hearing be scheduled. The trial court scheduled such a hearing for February 8, 1985 but apparently it was never held.
A second warrant charging the defendant with violation of his probation based on the same charges was issued on April 16, 1985, three days before the expected expiration of defendant's probation. On November 20, 1985, the defendant was found guilty following a jury trial, on the charges of distribution of marijuana and possession of marijuana with intent to distribute. These were the charges stemming from the November 24, 1984 arrest.
On December 13, 1985, the trial court scheduled a probation revocation hearing for January 10, 1986. Prior to this hearing, attorney Bobby Culpepper withdrew from representing defendant because he was the assistant district attorney who obtained the conviction resulting in the probated sentence that the state was seeking to revoke. The probation revocation hearing was continued but eventually held February 7, 1986. On the date of his probation revocation hearing, defendant filed a motion to quash the petition to show cause why probation should not be revoked. This motion alleged the petition was untimely, as defendant's probation had been due to expire on April 19, 1985. The trial court denied the motion to quash. The revocation hearing was held; to prove that defendant had violated his probation by engaging in criminal conduct in violation of state *666 law, the state offered into evidence the testimony of the probation officer and the minutes of the district court showing that defendant had been convicted in Jackson Parish on November 20, 1985, of distribution of marijuana and possession of marijuana with intent to distribute. There was no testimony offered as to the underlying facts of the convictions. The trial court found defendant guilty of violating his probation and revoked his probation.
The defendant filed an appeal of the trial court's decision revoking his probation with this court. By order dated April 21, 1986, this court ruled that defendant had no right to appeal the revocation of probation ruling. See State v. Manuel, 349 So.2d 882 (La.1977). However, we considered the matter as an application for supervisory writs and gave each side 30 days to brief the issue presented. The defendant failed to file a brief and, on June 5, 1986, this court denied the writ for lack of an adequate showing to warrant the exercise of our supervisory jurisdiction.
On August 26, 1988, the defendant filed an application for post conviction relief with the trial court, asserting four claims: (1) his guilty plea was invalid; (2) he was denied the right to appeal; (3) he had ineffective assistance of counsel at both the guilty plea hearing and the revocation hearing; and (4) his probation was illegally revoked. On November 15, 1988, the Honorable Leon H. Whitten, of the Second Judicial District Court, Parish of Jackson, denied relief; however, this order addressed only the validity of defendant's guilty plea. Defendant then applied for writs to this court. On January 19, 1989, this court granted the writ and ordered the trial court to rule on the claims not addressed in its earlier order. Following this court's order, the trial court granted defendant an out-of-time appeal by order dated January 30, 1989. The trial court did not consider the remaining issues of ineffectiveness of counsel and wrongful revocation of probation. However, defendant assigns all remaining issues as errors on this appeal.

ASSIGNMENT OF ERROR NO. 1
Defendant's plea of guilty in this matter was obtained unlawfully and in violation of the constitutions of the United States and the State of Louisiana.
Even though defendant's conviction and sentence occurred prior to July 1, 1982, this court has jurisdiction because defendant's out-of-time appeal was not granted until January 30, 1989. LSA-Const. Art. 5 § 5(E) (1974); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983).
The general responsibility of the trial court in accepting a defendant's guilty plea is to determine that the plea is being made knowingly and voluntarily. In particular, the trial court should inform the defendant of three constitutional rights he is waiving by pleading guilty: (1) the privilege against self-incrimination; (2) the right to a trial by jury; and (3) the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). While an understanding of the Boykin triad of rights may be the sine qua non for the acceptance of a guilty plea, the mere recitation of those rights does not always assure the intelligent and voluntary nature of the plea. Other factors may have a bearing on the validity of a plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Graham, 513 So.2d 419 (La.App. 2d Cir.1987).
In this case, the defendant argues that, although the trial court informed him of the Boykin triad of rights, the record does not show that he understood them. His position is that the trial court simultaneously informed him of all the rights being waived and then asked whether he understood them; and this is insufficient to show that the plea was knowing and voluntary. However, the record itself does not support a conclusion that the defendant did not make a knowing and voluntary choice to plead guilty. Prior to Boykinization, defendant signed a document which outlined the constitutional rights he was waiving by pleading guilty. This document was also signed by James M. Fowler, as attorney *667 for the defendant; he stated that he informed the defendant of these rights and that the defendant understood them and was apparently knowingly, willingly, intelligently and voluntarily entering his plea of guilty. The use of such a printed form as evidence, by itself, of the knowing and voluntary nature of a plea of guilty was questioned in State v. Tucker, 405 So.2d 506 (La.1981). However, in Tucker, the Supreme Court found sufficient evidence of a knowing and intelligent waiver from the existence of the printed form along with a minute entry showing that the trial judge questioned the defendant regarding his plea of guilty. In the instant case, the printed form, together with the transcript of the guilty plea, constitutes a sufficient showing that this guilty plea was knowingly and voluntarily entered. This seems true even though the trial court did not seek a separate response from the defendant for each right being waived.
There is nothing in the record to show that defendant's plea was not knowingly or intelligently entered. This assignment of error is therefore without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant was denied the effective assistance of counsel in this matter.
By this assignment of error, defendant alleges that he was denied his constitutional right to effective assistance of counsel at the time of his guilty plea.
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set forth a two-tiered test which a defendant must satisfy before he can successfully show that he was denied the effective assistance of counsel. First, the defendant must show that counsel's performance was deficient; this is done by showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that counsel's deficient performance prejudiced the defense; this requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, one whose result was reliable.
When the defendant appeared in court for entry of the plea he was apparently without counsel. Attorney James M. Fowler was appointed to confer with him and go over the "Affidavit of Understanding of Constitutional Rights and Maximum Penalty Provided by Law." According to defendant, Mr. Fowler spent a total of ten minutes with him prior to the entry of defendant's guilty plea. The question thus becomes how much time did counsel spend with the defendant and whether that amount of time made the plea of guilty unreliable.
Generally, claims of ineffective assistance of counsel are more properly raised in an application for post conviction relief, upon which an evidentiary hearing may be held in the trial court. See, for example, State v. Prudholm, 446 So.2d 729 (La. 1984). Here, it is difficult to determine from the record whether a counsel who had spent more time with the defendant would have nevertheless recommended the guilty plea. We conclude that the claim of ineffective assistance of counsel is not reviewable upon the instant record. An evidentiary hearing would be necessary in order to consider this claim properly. We deem this particularly true in light of the fact that defendant initially raised this claim in his application for post conviction relief and has reasserted his right to an evidentiary hearing by reply brief filed with this appeal.
We finally note that the defendant also contends his counsel at the hearing to revoke probation was ineffective for failure to file a timely brief. In light of our disposition of the issues raised by Assignment No. 3, however, we pretermit any consideration of this ineffectiveness question. It is moot.

ASSIGNMENT OF ERROR NO. 3
Defendant's probation was illegally revoked.
At the outset, we observe that there is no right to appeal a probation revocation. This was specifically noted in this court's order in the instant case (No. 18,153-KA). *668 See State v. Manuel, supra; State v. Haynes, 255 La. 52, 229 So.2d 697 (1969). However, we can review this assignment of error under our supervisory jurisdiction. Accordingly, rather than dismiss this assignment, we shall treat it as an application for supervisory writs. State v. Bradley, 445 So.2d 209 (La.App. 4th Cir.1984). We conclude that we also have jurisdiction to consider this assignment notwithstanding the Supreme Court's "exclusive supervisory jurisdiction * * * of all criminal writ applications relating to convictions and sentences imposed prior to July 1, 1982," LSA-Const. Art. 5, § 5(E) (1974), because the decision from which defendant seeks review is not his pre-1982 conviction or sentence, but the 1986 revocation of his probation. State v. Hudson, 431 So.2d 1050 (La.1982); State v. Williams, 418 So.2d 1351 (La.1982); State v. Bradley, supra.
For the reasons expressed, we find that the defendant's probation was erroneously revoked and we reverse the revocation.
The initial step in a probation revocation proceeding is the issuance of a warrant for the arrest of the probationer for violation of any of the conditions of probation. LSA-C.Cr.P. art. 899 subd. A. LSA-C. Cr.P. art. 899 subd. D provides:
D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.
However, this provision was added by Louisiana Acts 1985, No. 930. The previous version of LSA-C.Cr.P. art. 899 subd. D, which applies in the instant case, provided:
D. When a warrant for a defendant's arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued.
Apparently, the amendment was designed to bring the statute in line with, but slightly change, a jurisprudential creation which had already provided that when a warrant was issued and executed, the running of the probationary period was suspended. State v. Rome, 392 So.2d 407 (La.1980); State v. Martens, 338 So.2d 95 (La.1976); State v. Jones, 285 So.2d 231 (La.1973).
In the instant case, the second warrant was issued and executed within the probationary period. Therefore, the period should have been suspended, provided the warrant was properly issued. LSA-C.Cr.P. Art. 202 provides that a warrant must be supported by an affidavit from a complainant. LSA-C.Cr.P. Art. 385 provides that an affidavit must be executed under oath. In this case, the two warrants were issued based upon two letters written to Judge Whitten by probation and parole agent J.P. Curry. Neither of these letters was made under oath. As these letters did not qualify as affidavits, the warrants were improperly issued and therefore could not have suspended the running of the probationary period and defendant's sentence was satisfied on April 19, 1985. LSA-C.Cr.P. art. 898.
This precise situation was considered in State v. O'Doyle, 539 So.2d 1273 (La.App. 3d Cir.1989). As in the instant case, the trial judge in O'Doyle issued a warrant pursuant to a letter from a probation officer. The Third Circuit found this letter was not made under oath and was therefore not an affidavit. As there was no affidavit, the warrant was illegally issued and did not suspend the running of the defendant's probation. The O'Doyle court concluded that the probationary term ended on its own pursuant to art. 898.
Additionally, we find merit in another of defendant's arguments that his probation was illegally revoked.
In State v. Coates, 528 So.2d 595 (La. App. 2d Cir.1988), this court held that if the state relies on the conviction itself, rather than proof of the underlying facts of the conviction, as the ground for revocation of probation, the conviction must be final to support the revocation. In the instant case, defendant's convictions on the November 24, 1984 charges were used to revoke his probation and, at the time of the *669 revocation hearing, were not yet final as they were on appeal to this court. See State v. Mims, 524 So.2d 526 (La.App. 2d Cir.1988), writ denied 531 So.2d 267 (La. 1988). Because the state relied on convictions that were not yet final, the defendant's probation was illegally revoked.
Because of our decision that defendant's probation was wrongfully revoked for the above stated reasons, we pretermit consideration of defendant's contention that the revocation hearing was not held within a reasonable time.

CONCLUSION
On the appealable issue that defendant's guilty plea was invalid, we deny relief and affirm the conviction. On the issue of ineffective assistance of counsel at the time of the guilty plea, we consider that issue as not being properly reviewable on this record and should be raised by post conviction relief.
On the issue of the wrongful revocation of defendant's probation, which we consider under our supervisory authority, we conclude that defendant's probation was not legally revoked; we therefore reverse the revocation of defendant's probation and find that the sentence was satisfied as of April 19, 1985. Because of this decision, defendant's claim of ineffective assistance of counsel at the revocation hearing is deemed moot.
ON THE APPEAL, CONVICTION AFFIRMED; WRIT GRANTED ON THE REVOCATION OF DEFENDANT'S PROBATION ISSUE AND MADE PEREMPTORY; THE REVOCATION OF PROBATION REVERSED; DEFENDANT'S SENTENCE DEEMED SATISFIED AS OF APRIL 19, 1985.

ON APPLICATION FOR REHEARING
Before MARVIN, FRED W. JONES, Jr., NORRIS, SEXTON and LINDSAY, JJ.
Rehearing denied.