562 So.2d 936 (1990)
STATE of Louisiana
v.
Varice DAVIS, Jr.
No. 90-KA-12.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
Rehearing Denied July 17, 1990.
*937 Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Alan Green, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Varice Davis, Jr. appeals the revocation of his probation. We note that Davis has no right to appeal a probation revocation, but in the interest of judicial economy we will consider the appeal as an application for supervisory writs. State v. Moore, 540 So.2d 599 (La.App. 5th Cir.1989). We reverse.
Davis pled guilty to La.R.S. 14:69, receiving stolen things. The judge sentenced him to three years' imprisonment at hard labor, but he suspended the sentence and placed Davis on active probation for two years.
Davis' probation officer, alleging violation of several conditions of probation, filed a rule to revoke his probation. Attached to that rule was a summons for Davis to appear and show cause why his probation should not be revoked, but the summons was not supported by an affidavit. The judge revoked Davis' probation after a hearing and imposed the original three-year sentence with credit for time served.
Davis argues that the judge lacked authority to revoke probation for nonpayment of a fine and that there was insufficient evidence to support the revocation. He also asks that we review the record for error patent. We do not reach a consideration of the alleged errors, since we find patent error in the proceedings. La.C.Cr.P. art. 920.
La.C.Cr.P. art. 899 permits a probation revocation proceeding to be instituted by the issuance of either a warrant or a summons. A warrant must be supported by the affidavit of the complainant and is improperly issued if it is not. La.C.Cr.P. art. 202; State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989); State v. O'Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989). La.C.Cr.P. art. 209 permits the use of a summons instead of a warrant, provided the requirements of La.C.Cr.P. art. 202 are met. Thus a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation. See State v. Kimble, 411 So.2d 430 (La.1982) which held that an unsworn traffic ticket was insufficient for the purpose of instituting a prosecution. Accord: State v. Becnel, 463 So.2d 24 (La.App. 5th Cir.1985). We conclude that Davis' probation revocation was improperly instituted and must be reversed.
We also note that some of the conditions of Davis' probation were imposed by the probation department and not the judge. This may violate the provisions of La.C. Cr.P. art. 895. We believe it is unnecessary to address this issue, however, since we have reversed on other grounds.
We therefore reverse the probation revocation of Varice Davis, Jr.
WRIT GRANTED IS MADE PEREMPTORY AND THE PROBATION REVOCATION IS REVERSED.