567 So.2d 677 (1990)
STATE of Louisiana
v.
Bernell MORGAN.
No. 90-KA-222.
Court of Appeal of Louisiana, Fifth Circuit.
September 13, 1990.
Rehearing Denied October 17, 1990.
*678 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, IDB Staff Appellate Counsel, Gretna, for defendant/appellant.
Before GRISBAUM, GOTHARD and KOLLIN, Judge Pro Tem.
WALTER E. KOLLIN, Judge Pro Tem.
Bernell Morgan appeals the revocation of his probation. We note that Morgan has no right to appeal a probation revocation; but in the interest of judicial economy, we will consider the appeal as an application for supervisory writs. State v. Moore, 540 So.2d 599 (La.App. 5th Cir. 1989).
Pursuant to a plea bargain, Morgan pled guilty on May 7, 1984, to receiving stolen property valued at $499.00, LSA-R.S. 14:69, and was sentenced to two years in parish prison. The sentence was suspended and Morgan was placed on active probation for two years, with the specified condition that he pay a fine of $500.00, plus court costs.
On April 30, 1986, Morgan appeared in court, unrepresented, on a rule to revoke probation based on non-payment of the fine and costs. On that date, the Court extended his active probation for one year, with the balance of the extended probation to be terminated upon final payment of the fine and court costs. On April 29, 1987, Morgan again appeared before the court, unrepresented, on a rule to revoke based on his failure to meet the monetary conditions of probation. The court extended Morgan's active probation for an additional two years, and continued the rule to revoke to June 10, 1987. On that date, the rule was continued to September 30, 1987. When Morgan failed to appear on September 30, 1987, the court issued an attachment. Morgan thereafter failed to report to the probation office; and on November 9, 1987, the district judge signed a warrant for Morgan's arrest pursuant to a request by the probation officer. Morgan was apparently picked up on the attachment and on February 7, 1990, appeared before the court on the rule to revoke. After a hearing, the trial judge revoked Morgan's probation and imposed the original two year sentence with credit for time served.
Morgan now appeals, arguing that the trial judge erred in extending the period of probation and also in revoking his probation for failure to satisfy the monetary conditions without considering alternatives to imprisonment. He also asks that we review the record for errors patent. We do not reach a consideration of the alleged errors, since we find patent error in the proceedings. LSA-C.Cr.P. art. 920.
The initial step in a probation revocation proceeding is either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions or the issuance of a summons instructing the defendant to appear and answer a charge of violation or threatened violation. LSA-C. Cr.P. art. 899 A. According to LSA-C. Cr.P. art. 202, a warrant must be supported by an affidavit from a complainant and is improperly issued if it is not. LSA-C.Cr.P. art. 385 provides that an affidavit must be executed under oath. See State v. Mims, 552 So.2d 664 (La.App. 2nd Cir.1989) and State v. O'Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989). LSA-C.Cr.P. art. 209 permits the use of a summons instead of a warrant, provided the requirements of LSA-C.Cr.P. art. 202 are met. Thus, a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation.
In the present case, Morgan's probation officer filed a rule to revoke on April 7, 1986 and another rule on March 13, 1987. Both rules alleged that Morgan violated his *679 probation by failing to pay the fine and court costs which were imposed. Attached to each rule was an order[1] for Morgan to appear and show cause why his probation should not be revoked. Neither rule was supported by an affidavit. In addition, when Morgan failed to appear in court for the probation revocation hearing on September 30, 1987, an attachment was issued. Subsequently, on November 9, 1987, the trial judge issued a warrant for Morgan's arrest based on a letter from the probation department informing the court of Morgan's failure to pay the fine and failure to report to the probation office.
In this case the probation officer's letter and the rules to revoke did not constitute affidavits because they were not executed under oath. LSA-C.Cr.P. art. 385. Since no affidavits of any kind were prepared to support either the warrant or the rules to revoke, the warrant and the rules were illegally issued in violation of LSA-C.Cr.P. art. 202. Accordingly, we conclude that Morgan's probation revocation was improperly instituted and must be set aside. See State v. Davis, 562 So.2d 936 (La.App. 5 Cir.1990) and State v. Armour, 564 So.2d 360 (La.App. 5th Cir.1990) in which panels of this Court set aside defendants' probation revocations based on improperly instituted proceedings.
We also note that Morgan was unrepresented by counsel at the April 30, 1986 and April 29, 1987 hearings on the improperly issued rules to revoke. This may constitute a reversible error. However, we believe it is unnecessary to address this issue since we have reversed on other grounds. See Baggert v. State, 350 So.2d 652 (La. 1977); State v. Rideau, 376 So.2d 1251 (La.1979); and State v. Marceaux, 520 So.2d 1203 (La.App. 5th Cir.1988), appeal after remand, 542 So.2d 1121 (La.App. 5th Cir.1989).
We therefore set aside the probation revocation of Bernell Morgan.
WRIT GRANTED IS MADE PEREMPTORY AND THE PROBATION REVOCATION IS SET ASIDE.
NOTES
[1] In State v. Broussard, 408 So.2d 909 (La.1981), the Louisiana Supreme Court noted that such an order attached to the rule to revoke amounts to a summons to appear.