571 So.2d 893 (1990)
STATE of Louisiana
v.
Michael A. FOREST.
No. 90-KA-497.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
Rehearing Denied January 17, 1991.
*894 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Denis Ganucheau, Harold A. Buchler, Jr., Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, BOWES and GOTHARD, JJ.
KLIEBERT, Judge.
Defendant Michael Forest appeals the revocation of his probation. We note that defendant has no right to appeal a probation revocation; however, in the interest of judicial economy, we will consider the appeal as an application for supervisory writs and address same. State v. Moore, 540 So.2d 599 (5th Cir.1989).
Defendant was originally charged with armed robbery in violation of LSA-R.S. 14:64 and pled not guilty. Subsequently, he withdrew the not guilty plea and entered a plea of guilty to a reduced charge of simple robbery, a violation of LSA-R.S. 14:65. The trial court sentenced defendant to three years at hard labor, execution of which was suspended and defendant was placed on three years active probation. The court imposed special conditions of probation as follows:
1. Restitution to the victim of $850, payable through the Probation Department;
2. Pay $10 per month to the Department of Public Safety and Corrections to defray the costs of supervision;
3. Pay a fine of $1,000 (payable to IDB), $12.50 court costs, $17.50 IDB fee, $25.00 Clerk of Court costs, $50.00 Deputy fee, $100.00 victim fee through the Probation Department over the period of probation;
4. Work on and obtain a G.E.D.;
5. Serve one year in the Jefferson Parish Correctional Center.
On February 7, 1990 the trial judge revoked the defendant's probation on two grounds: (1) defendant's failure to abide by the financial conditions of probation, and (2) failure to maintain contact with his probation officer. On appeal defendant argues the trial court erred in revoking the probation on the first ground because, in essence, it constituted an incarceration for his indigency and on the second ground because the defendant was not given notice of the alleged violation.[1]
La.C.Cr.P. art. 920 clearly establishes that a defendant in a criminal proceeding is entitled to an error patent review on appeal. The Louisiana Code of Criminal Procedure does not specifically provide for a similar entitlement when a defendant applies for a supervisory writ. Nevertheless, this Court has previously made an error patent review on a writ application and on the basis of the review set aside the revocation *895 of probation order. See State v. Davis, 562 So.2d 936 (5th Cir.1990).
We note there is a procedural defect in the institution of the revocation proceedings, in both the warrant and the summons, in that neither was based upon a sworn affidavit which warrants the setting aside of the probation revocation.
The initial step in a probation revocation proceeding is either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions or the issuance of a summons instructing the defendant to appear and answer a charge of violation or threatened violation. C.Cr.P. Art. 899 A. According to C.Cr.P. Art. 202, a warrant must be supported by an affidavit from a complainant and is improperly issued if it is not. C.Cr.P. Art. 385 provides that an affidavit must be executed under oath. See State v. Mims, 552 So.2d 664 (2nd Cir.1989) and State v. O'Doyle, 539 So.2d 1273 (3rd Cir.1989). C.Cr.P. Art. 209 permits the use of a summons instead of a warrant, provided the requirements of C.Cr.P. Art. 202 are met. Davis, supra. Thus, a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation. Davis, supra.
In the present case, defendant's probation officer filed a rule to revoke on July 1, 1988 and another rule on December 5, 1989. Both rules allege, among other things, that defendant violated his probation by failing to comply with monetary conditions imposed. Attached to each rule was an order[2] for defendant to appear and show cause why his probation should not be revoked. Neither rule was supported by an affidavit. In addition, when defendant failed to appear in court for the probation revocation hearing on August 10, 1988, an attachment was issued. Subsequently, on April 24, 1989 the trial judge issued a warrant for defendant's arrest.[3]
In this case, the rules to revoke did not constitute affidavits because they were not executed under oath. C.Cr.P. Art. 385. Since no affidavits of any kind were prepared to support either the warrant or the rules to revoke, the warrant and the rules were illegally issued, in violation of C.Cr.P. Art. 202. Accordingly, we conclude that defendant's probation revocation was improperly instituted and must be set aside. See State v. Armour, 564 So.2d 360 (5th Cir.1990).
We therefore set aside the probation revocation of defendant.
PROBATION REVOCATION SET ASIDE.
NOTES
[1] The revocation rule heard by the court on February 7, 1990 was not the first such rule filed by the state against the defendant. On July 1, 1988, the state filed its first rule to revoke the defendant's probation. According to the trial court's minute entry for August 10, 1988, the defendant failed to appear for the hearing on that rule and the trial judge issued an attachment for the defendant. The record reflects that on December 16, 1988, the trial judge recalled the attachment after it had been satisfied and ordered the defendant to be held without bond. The revocation hearing was set for January 4, 1989; but the trial court continued that hearing until January 11, 1989 to allow for the appointment of counsel to represent the defendant at the hearing. At the January 11, 1989 hearing the trial judge ordered the defendant to pay $100.00 per month toward the restitution payment and continued the matter until April 12, 1989 to afford the defendant an additional opportunity to fulfill the special probationary conditions. The minute entry for April 12, 1989 reflects that the defendant failed to appear for that hearing. On April 24, 1989, the trial judge issued an arrest warrant on the defendant. That warrant was executed and was therefore recalled on November 20, 1989. The state filed its second revocation rule, which is now before this Court for review, on December 5, 1989. The hearing on that rule was fixed for January 17, 1990, and then continued until February 7, 1990, when it was ultimately heard.
[2] In State v. Broussard, 408 So.2d 909 (La. 1981), the Louisiana Supreme Court noted that such an order attached to the rule to revoke amounts to a summons to appear. See also State v. Dassau, 534 So.2d 467 (5th Cir.1988).
[3] No affidavit or letter accompanies warrant. It should also be noted that if the revocation proceeding initiated on July 1, 1988 was defective, then the attachment issued against the defendant in that proceeding on August 10, 1988 was likewise invalid. Furthermore, even apart from the absence of an affidavit supporting its issuance, the arrest warrant issued on April 24, 1989 was ineffective because defendant's probationary period had expired without initiation of a valid revocation proceeding.