WRIT DENIED.
Although the proceeding to revoke applicant’s probation was instituted pursuant to a summons or petition to show cause, without an accompanying affidavit, the state fully ratified the filing of the revocation by presenting its case at the hearing, apparently proving the predicate facts justifying revocation. Defendant, represented by counsel, filed no motion to quash the petition or revocation proceedings, as occurred in State v. Mims, 552 So.2d 664 (La.App. 2nd Cir.1989), which presented an issue as to timeliness. Defendant and his counsel fully participated in the hearing on the merits.
Those protections afforded to the probationer and to society, by any requirement that the summons be supported by an affidavit, were thus sufficiently satisfied herein. No fundamental unfairness transpired. Cf. State v. Scoby, 536 So.2d 615 (La.App. 1st Cir.1988), writ denied, 540 So.2d 339 (La.1989). Therefore, the state’s failure to support the summons or petition by affidavit did not constitute reversible error. LSA-C.Cr.P. Art. 921.
Nor, on the present showing, has applicant demonstrated abuse of discretion in that the trial court ordered revocation for a failure to fully pay restitution and costs.