CIACCIO, Judge.
Relator, Paul Loren, was sentenced on June 2, 1982 on two charges of distribution of marijuana. On each charge he was sentenced to five years at hard labor, suspended, and placed on five years supervised probation, with the sentences to run concurrently. Accordingly, his term of probation was to expire on June 2, 1987.
On August 1, 1986, a warrant for his arrest was issued by the trial judge in response to a letter from the probation department advising the court that Loren had violated the conditions of his probation by absconding from supervision.
On January 10, 1990, Loren was arrested in Miami, Florida and was extradited to New Orleans. On February 5, 1990, the trial judge conducted a hearing, during which Loren was represented by counsel, to determine if Loren’s probation should be revoked. After hearing the evidence, the trial judge revoked Loren’s probation and ordered his five year sentence made exec-utory. Loren is now incarcerated at the Hunt Correctional Center.
Relator contends that the arrest warrant issued in 1986 was null and void as it was not supported by a sworn affidavit of the probation officer. He argues that because the arrest warrant was null and void it could not serve to interrupt the running of his probation period which had otherwise expired prior to his arrest in 1989.
*163 Relator relies upon cases arising in the Second, Third and Fifth Circuit Courts of Appeal. See State v. O’Doyle, 539 So.2d 1273 (La.App. 3rd Cir.1989); State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989); State v. Davis, 562 So.2d 936 (La.App. 5th Cir.1990), writ denied 568 So.2d 1060; and State v. Armour, 564 So.2d 360, (La.App. 5th Cir.1990), writ denied 569 So.2d 961; State v. Arceneaux, 570 So.2d 215 (La.App. 5th Cir.1990); State v. Forest, 571 So.2d 893 (La.App. 5th Cir.1990) and State v. Morgan, 567 So.2d 677 (La.App. 5th Cir.1990), which hold that a post-conviction arrest warrant issued for a probation violator must be supported by a sworn affidavit of the probation officer. These cases rely upon C.Cr.P. art. 202 as the basis for their legal conclusion. We disagree with the holdings of these cases and do not find their reasoning persuasive.
State v. O’Doyle, supra, is the first case to enunciate the principle that a post-conviction arrest warrant issued against a probation violator must be supported by an affidavit of the probation officer. The Doyle case presents an identical fact situation, i.e., an absconding probationer, a letter from the probation officer to the judge requesting an arrest warrant, the issuance of the warrant, the arrest of the probationer several years later in another state, and the necessity for the arrest warrant to have interrupted the running of the probation period.
Although the state argued that the affidavit requirement was not applicable to a post-conviction warrant, the court rejected that claim and, relying upon C.Cr.P. articles 202 and 385 and State v. Kimble, 411 So.2d 430 (La.1982), vacated the order revoking the probation and discharged the relator from custody.
The O’Doyle case has been followed by several cases from the second and fifth circuits wherein probation revocation orders have been vacated because no affidavit was submitted to support an arrest warrant, a summons or a rule to show cause why the probation should not be revoked. None of these opinions discuss the statutory basis for requiring an arrest warrant against a probationer to be supported by an affidavit but, to the contrary, cite C.Cr.P. art. 202 as the only basis for an arrest warrant. This is incorrect.
C.Cr.P. art. 202 states in relevant part:
Warrant of arrest; issuance
A warrant of arrest may be issued by any magistrate, and except where a summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.
[[Image here]]
This article addresses the procedural requirements for an arrest warrant to be issued against a person who is presumed to be innocent but who is accused of an offense or crime. It is a safeguard against a magistrate ordering the arrest of an otherwise free person without the minimum requirement of a sworn affidavit from the accuser.
A probationer has a different status. He has already been convicted of a crime, has had a sentence of imprisonment imposed and remains free not by right but solely by the exercise of the trial judge’s discretion, and subject to the conditions of probation imposed as part of the sentence. Thus, probation is a privilege rather than a right. Violations of the terms of probation are not new crimes or new offenses. The original sentence may not be increased because of the probation violation, it can only be made executory. Accordingly, a probation violation does not fit the definition of “offense” in art. 202 and it is error to equate a probation violation to an art. 202 “offense.”
Likewise, the Kimble case, supra, if it has any relevance, dealt with using a traffic ticket, not an affidavit, to institute pros *164 ecution of a misdemeanor charge against a defendant who is presumed to be innocent, not against a convicted felon.
The affidavit procedure of art. 202 is not the sole statutory basis for the issuance of an arrest warrant. Neither a grand jury indictment under art. 383 nor a bill of information under art. 384 requires an affidavit for its validity but only the signature of the grand jury foreman or of the district attorney. But both of them require the court, in felony cases, to issue an arrest warrant for the defendant in response to them.
The official comment to art. 384 states that the bill of information is verified by the signature of the district attorney and need not be supported by an affidavit, as his official oath of office is sufficient assurance of his veracity and good faith. But, the information must have his signature to serve as the basis for the issuance of an arrest warrant.
An arrest warrant is the means by which a defendant may be taken into custody by a peace officer. A peace officer may arrest without a warrant under certain circumstances, C.Cr.P. art. 213, but that authority is limited to cases where an offense has been committed. However, C.Cr.P. art. 899 authorizes a probation officer to arrest a probationer if he has reasonable cause to believe that a defendant is about to violate a condition of his probation and he may orally authorize a peace officer to do so without a warrant. A subsequent written confirmation delivered to the jailer shall be sufficient authority for the detention of the defendant.
Art. 899 Arrest or summons for violation of probation
B. If a probation officer has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation or that an emergency exists so that awaiting an order of the court would create an undue risk to the public or to the probationer, the probation officer may arrest the defendant without a warrant, or may authorize a peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant. The probation officer shall immediately notify the proper court of the arrest and shall submit a written report showing in what manner the defendant violated, or was about to violate, a condition of his probation.
Thus the Legislature has granted to a probation officer the power to authorize the arrest of a probationer prior to the actual commission of the violation and merely upon his verbal authorization to a peace officer. (Probation officers are peace officers with all of their power and immunities. See C.Cr.P. art. 899 F). No district attorney or law enforcement officer has a similar power to order the arrest of a defendant.
Obviously, the Legislature enacted these provisions to enable probation officers to perform their duties to supervise convicted defendants, and, unless these provisions violate any constitutional rights of a defendant or offend our notions of due process they are entitled to be carried out.
If a probation officer may have a probationer arrested without an arrest warrant by verbal authorization and merely upon suspicion that the defendant is about to commit a violation, what logic requires that same probation officer to execute an affidavit when he states in writing the violation he believes has occurred and requests the sentencing judge to issue an arrest warrant?
C.Cr.P. art. 899 is the specific authority for the issuance of an arrest warrant against a probation violator. Under the usual rules of statutory construction, its provisions, rather than the general provisions of art. 202, applied to this case.
Art. 899 A provides:
Arrest or summons for violation of probation
*165 A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.
Unlike art. 202, art. 899 contains no language requiring the execution of an affidavit by the probation officer and the other sections of that article support our conclusion that the missing language was intentionally omitted. We hold that it was error for our learned brethren to read into art. 899 language that the Legislature never intended nor could be reasonably inferred.
Our laws provide procedural due process for a probationer faced with a revocation hearing. C.Cr.P. art. 900, et seq. Relator was represented by counsel and was afforded a fair hearing. The arrest warrant issued in response to the written signed letter from the probation officer met the procedural requirements of art. 899 and, therefore, interrupted the running of the probation period. Accordingly, the trial court had the authority to revoke relator’s probation, and we find no error in his ruling.