592 So.2d 821 (1991)
STATE of Louisiana
v.
Kevin T. JOHNSON.
Nos. 91-KA-473, 91-KA-474.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1991.
*822 Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
John D. Rawls, Indigent Defender Bd., Gretna, for defendant/appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
The defendant, Kevin T. Johnson, appeals the revocation of his probation for failure to comply with the conditions of probation ordered by the sentencing judge. Initially, we note that the defendant has no right to appeal his probation revocations. However, in the interest of judicial economy, this Court has the discretion to consider the defendant's appeals as an application for supervisory writs. State v. Davis, 562 So.2d 936 (La.App. 5 Cir.1990).
The defendant was charged with theft of property worth $1,000.00 in violation of LSA-R.S. 14:67 by bill of information No. 89-0414 and with two counts of forgery in violation of LSA-R.S. 14:72 by bill of information No. 89-1339.
The defendant subsequently pled guilty to the theft charge and one count of forgery. The State dismissed the remaining forgery count. The defendant was sentenced to three years at hard labor, suspended, and two years active probation with conditions on each of the two convictions. Those sentences were ordered to run concurrently.
On August 24, 1990, the State filed a rule to revoke the defendant's probation in each of the two cases. The trial court heard the rules and ordered the defendant's probation revoked for failure to comply with the conditions imposed and ordered the suspended sentences executed, with credit for time served. The defendant filed motions to appeal the probation revocations, and the trial court granted the motions. This Court ordered the cases consolidated for review.
While LSA-C.Cr.P. art. 920 provides that a defendant in a criminal proceeding is entitled to an error patent review on appeal, there is no specific provision to provide such a review when a defendant applies for a supervisory writ. Nevertheless, this Court has previously conducted error patent reviews on writ applications challenging probation revocations. State v. Forest, 571 So.2d 893 (La.App. 5 Cir.1990); State v. Davis, supra.
Upon conducting an error patent review, we note that there is a procedural defect in the institution of the revocation proceedings which mandates setting aside the probation revocations.
In State v. Forest, supra at 895, we stated:
The initial step in a probation revocation proceeding is either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions or *823 the issuance of a summons instructing the defendant to appear and answer a charge of violation or threatened violation. C.Cr.P. Art. 899A. According to C.Cr.P. Art. 202, a warrant must be supported by an affidavit from a complainant and is improperly issued if it is not. C.Cr.P. Art. 385 provides that an affidavit must be executed under oath. C.Cr.P. Art. 209 permits the use of a summons instead of a warrant, provided the requirements of C.Cr.P. Art. 202 are met. Thus, a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation. [citations omitted].
In each of the two cases now under consideration, the rule to initiate the revocation proceedings was filed by the defendant's probation officer. Although those rules alleged specific violations of probationary conditions, neither rule was supported by an affidavit or executed under oath. Therefore, the defendant's probation revocations were improperly instituted and must be annulled and set aside.
Because we find that the revocation proceedings must be set aside, we need not address defendant's allegations that the trial court erred in revoking his probation for failure to comply with the conditions imposed.
For the above discussed reasons, the probation revocations of defendant are annulled and set aside and the case is remanded for further proceedings.
PROBATION REVOCATIONS ANNULLED, SET ASIDE AND CASE REMANDED.
GAUDIN, J., concurs in the decree.
GAUDIN, Judge, concurring.
I concur in the foregoing opinion because the summons was not properly supported. However, there is nothing preventing the state from instituting another revocation proceeding.