BLANCHE, Justice.
Defendant was convicted of public salary extortion in November of 1979. He was given a suspended sentence of five months and was placed on active supervised probation for a period of two years. As a condition of his probation, defendant was required to rehire any employee who was terminated because they had testified against defendant and to give any such employee full restitution of back wages. Defendant’s conviction was appealed and affirmed. 383 So.2d 389. His sentence became executory on December 7, 1981.
On September 10, 1982, Paul D. Piercy, Probation and Parole Agent of the Louisiana Department of Corrections filed a “Petition for Cause” requesting the trial court to order defendant to make restitution in the amount of $10,875.00 to Pauline Rous-so. Ms. Rousso was a former employee who had been terminated by defendant after she testified before a grand jury investigating the defendant’s misconduct. On September 26, 1982, defendant was ordered *1178 by the trial court to pay Ms. Rousso and the amount was to be pro-rated on a monthly basis for the remainder of the probationary period. On writs from that judgment to this Court we initially issued a stay order and on December 10, 1982 ordered that an evidentiary hearing be held on the issue of restitution to Ms. Rousso. 423 So.2d 1159. This hearing was held on July 18, 1983, and after taking the matter under advisement the trial court on December 1, 1983, again ordered defendant to pay Ms. Rousso and his probationary period was also extended to December 7, 1984. The enforcement of this judgment was stayed by the trial court pending the application of supervisory writs to this Court. Defendant applied for writs to this court and on February 16, 1984, writs were granted in order to reduce defendant’s probation to two years in accordance with Article 894 of the Code of Criminal Procedure. 445 So.2d 454. The writ was otherwise denied.
On April 11, 1984, Mr. Piercy wrote a letter to defendant once more requesting him to pay Ms. Rousso. Defendant refused to pay Ms. Rousso and filed a “Motion for Discharge of Defendant from Probation and All Conditions of Probation.”- Defendant maintained that his sentence had been satisfied, including all conditions of probation, by operation of law upon the lapse of his probationary term. The trial court denied his motion and defendant was granted a second stay order by this Court on June 8, 1984, 452 So.2d 176.
The issue in this case is whether the State may enforce a condition of defendant’s probation after the defendant’s probation has expired. Article 895.1 of the Code of Criminal Procedure provides that when a court suspends the imposition of a sentence and places the defendant on probation, it may in its discretion, as a condition of probation, order the defendant to make restitution to the victim. If at any time during probation the defendant violates a condition of his probation, the court may issue a warrant for the arrest of the defendant or may issue a summons to appear to answer to a charge of violation.[1] La.C.Cr.P. art. 899. Article 899 further provides that when a warrant for the defendant’s arrest cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued.[2] However, it is well established that once a probationary period has elapsed, the defendant has automatically satisfied the sentence imposed. State v. Weysham, 410 So.2d 1104, 1105 (La.1982); State v. Jones, 285 So.2d 231 (La.1973). It is also well settled that criminal statutes must be strictly construed in favor of the defendant. State v. Freeman, 411 So.2d 1068, 1072 (La.1982); La.R.S. 14:3.
Interruption of the running of the period of probation is governed by Article 899. Under this article the running of the probationary period shall cease when the defendant is deemed a fugitive and a warrant cannot be executed. Therefore, in order to trigger suspension, the impediment to the execution of the warrant must derive from the defendant’s action in concealing himself or fleeing from the jurisdiction and not from inactions by the State in its efforts to locate him. State ex rel DeGreat v. Phelps, 377 So.2d 341 (La.1979); State v. *1179 Harris, 342 So.2d 179 (La.1977); State v. Jones, supra.
Defendant’s two year probation began on December 7, 1981. At all times between December 7, 1981 and December 7, 1983, defendant was present within the jurisdiction of the court and his whereabouts were known to the State. More importantly, as required by Article 899, the State did not at any time during defendant’s probationary period issue a warrant for the arrest of the defendant. Since the failure to issue and execute a warrant was not due to the defendant’s own action, but rather from the inaction of the State, defendant’s probationary period elapsed on December 7, 1983. After this date the defendant was no longer on probation and the trial court was without authority to order defendant to pay Mrs. Rousso.
The State has contended that defendant’s probation was suspended when the trial court issued a stay order on December 1, 1983 and that defendant’s probation did not begin to run again until the judgment rendered by this Court on February 16, 1984 became executory on March 2, 1984. Even if we were to hold that a probationary period may be suspended by a stay order it would be of no benefit to the state. The stay order issued by the trial court took effect on December 1, 1983. This was six days before defendant’s probation was originally set to expire on December 7, 1983. Assuming that the stay order issued on December 1, 1983 did suspend the running of defendant’s probation until March 2, 1984, his probation would have expired six days later on March 8, 1984 since a warrant for defendant’s arrest (as required by Article 899) had not been issued prior to this time.[3]
DECREE
For these reasons, the order of the trial court requiring defendant to show cause why his probation should not be revoked is recalled and his motion for discharge is hereby granted.
REVERSED.

. Louisiana Code of Criminal Procedure Article 899(A) provides as follows:
A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.

. Louisiana Code of Criminal Procedure Article 899(D) provides as follows:
D. When a warrant for a defendant’s arrest, issued under Paragraph A, cannot be executed, the defendant shall be deemed a fugitive from justice and the running of the period of probation shall cease as of the time the warrant was issued.

. The trial court did not order Mr. Piercey to file a letter requesting probation revocation hearing until May 28, 1984.