GAUDIN, Judge.
Stacey Sibley was placed on two years’ active probation on February 24, 1988. On December 18,1989, the Department of Corrections filed a “Rule to Revoke Probation” in accord with LSA-C.Cr.P. art. 899(A), which states:
“At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
“The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.”
A hearing was scheduled for February 22, 1990, which was within the probationary period. On January 26, 1990, Sibley was personally served with a copy of the revocation rule.
*848 On February 22nd, Sibley did not appear in court. Her attorney was present and he requested a continuance, which was granted. Following several further continuances, the rule was heard on October 11, 1990. Probation was revoked.
Sibley is before this Court on appeal contending that her probation was not timely revoked. We cannot agree. The rule was filed within the probationary period, personal service was made within the probationary period and the hearing was scheduled within the probationary period. Had Sibley appeared in court on February 22, 1990 and had the state and not the defense moved for a continuance, her argument now would be enhanced.
Sibley points out that the rule served on her was at best a summons, not a detainer or arrest warrant, and that it was not accompanied by a supporting affidavit; therefore, the probationary period was not interrupted or suspended. There is no jurisprudence supporting this position. A post conviction rule to revoke probation is a separate proceeding independent from the original criminal charge. The applicable statute says that a “summons” may issue. The Supreme Court of Louisiana, in State v. Broussard, 408 So.2d 909 (La.1981), said that a rule to show cause why probation should not be revoked amounts to a summons as the word is used in the article. See also State v. Dassau, 534 So.2d 467 (La.App. 5 Cir.1988).
Even if appellant’s assertions in this regard have some legal substance, the actual setting of the rule and Sibley’s request for a postponement, both within the probationary period, did effectively suspend the running of the two-year period.
Probation was revoked because Sibley had, while on probation, been convicted in Orleans Parish of 31 counts of theft by issuing worthless checks.
Finally, we note this. The district court allowed an out-of-time appeal. While a defendant has no right to appeal a probation revocation, we have, in the interest of judicial economy, considered the appeal as an application for supervisory writs in accord with State v. Armour, 564 So.2d 360 (La.App. 5 Cir.1990), writs denied at 569 So.2d 961 (La.1990).
AFFIRMED.