591 So.2d 794 (1991)
STATE of Louisiana
v.
George B. RYLEE.
No. 91-KA-507.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
Writ Denied March 26, 1992.
*795 Ginger Berrigan, Indigent Defender Program, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Gretna, for plaintiff/appellee.
Before GRISBAUM, WICKER and CANNELLA, JJ.
WICKER, Judge.
The state filed a bill of information charging the defendant, George Rylee, and a co-defendant with attempting to obtain a controlled dangerous substance (Tylenol # 4, a Schedule II drug) by fraud, in violation of LSA-R.S. 40:979 and 971. The defendant appeared for arraignment on October 5, 1988, and pled guilty to the charge. The trial judge sentenced the defendant on December 7, 1988, to a two-year parish prison term, but suspended that sentence and placed the defendant on active probation for two years. On September 4, 1990, the state filed a rule to revoke the defendant's probation, alleging that the defendant violated various conditions of his probation. After a hearing on that rule, the district court extended the defendant's probation for one year. The state filed another rule to revoke the defendant's probation on February 14, 1991. That rule alleged further probation violations by the defendant. The district court heard the rule and revoked the defendant's probation. The defendant was sentenced to a parish prison term of two years, subject to credit for time already served. He filed a motion to appeal which the district court granted. We set aside the probation revocation.
On appeal he assigns the following errors:
1. Since the probation officer failed to submit a sworn affidavit in connection with his rule to revoke probation in September, 1990, Rylee's probation continued unsuspended and expired in December, 1990. Therefore the trial judge erred in attempting to extend the probationary period, after it had expired, in the January 1991, hearing, and
2. Assuming the probationary period could be validly extended, the trial judge abused his discretion in revoking the defendant in May, 1991.
Since the defendant pled guilty prior to trial, the record does not disclose the facts surrounding the commission of this crime. However, none of the issues raised by the defendant relate to the commission of the crime. The defendant challenges the revocation of his probation. Although the defendant has no right to appeal his probation revocation, the Court has the discretion to consider this appeal as an application for supervisory writs, in the interest of judicial economy. State v. Forest, 571 So.2d 893 (La.App. 5th Cir.1990). In State v. Armour, 564 So.2d 360 (La.App. 5th Cir.1990) we held at 361:
We recognize that the defendant has no right to appeal a probation revocation, but in the interest of judicial economy we will consider the appeal as an application for supervisory writs. State v. Moore, 540 So.2d 599 (La.App. 5th Cir.1989).
In State v. Armour we also reviewed the record for errors patent. We found no affidavit and held the warrant and rule for revocation to be illegally issued. We set aside the probation revocation in State v. Armour.
The defendant contends that the revocation proceeding instituted on September 4, 1990 was invalid. If invalid then his probation continued uninterrupted until it expired on December 7, 1988. The court's one-year extension of the defendant's probation on January 7, 1991, and the revocation of the defendant's probation on May 29, 1991, would therefore both be ineffective.
In State v. Armour, supra, at 361, this Court noted:
[t]he initial step in a probation revocation proceeding is either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions or *796 the issuance of a summons instructing the defendant to appear to answer to a charge of violation or threatened violation. LSA-C.Cr.P. art. 899 A.
The defendant's probation officer filed a rule to revoke on September 4, 1990, alleging the defendant violated his probation by failing to comply with certain special probationary conditions. The rule included an order for the defendant to appear and show cause why his probation should not be revoked. An affidavit was not submitted with the rule. When the defendant failed to appear for the revocation hearing on October 22, 1990, the district court issued an attachment and authorities took the defendant into custody pending the revocation hearing rescheduled for January 7, 1991.
The order to appear, included in the rule to revoke, constituted a summons for the purpose of initiating the revocation proceeding. State v. Broussard, 408 So.2d 909 (La.1981). However, the rule did not amount to an affidavit because it was not executed under oath, as required by La. C.Cr.P. art. 385. Since the rule to revoke was not supported by an affidavit the order to appear for the rule and the subsequent attachment were therefore illegally issued in violation of La.C.Cr.P. art. 202. The revocation proceeding initiated against the defendant on September 4, 1990, was invalid, and the one-year extension of probation ordered by the district court on January 7, 1991, should be set aside. State v. Forest, supra; State v. Armour, supra.
The defendant correctly contends that his probationary period continued, without interruption, until it expired on December 7, 1990. Once that probationary period elapsed, the defendant automatically satisfied the sentence imposed on him. La. C.Cr.P. art. 898; State v. Weysham, 410 So.2d 1104 (La.1982). The two warrants issued by the district court and the revocation rule filed by the probation department were invalid because the defendant had already satisfied his sentence when the warrants were issued and the rule was filed. The revocation of the defendant's probation on May 29, 1991, was thus improper and should be set aside. Weysham, supra; Forest, supra.
Since the probationary period could not be validly extended, we pretermit a discussion of whether the trial judge abused his discretion in revoking the defendant in May, 1991.
Accordingly, we set aside the probation revocation of defendant.
PROBATION REVOCATION SET ASIDE.
CANNELLA, Judge, concurs with reasons.
I recognize, and am constrained to abide by, this court's decisions holding that the affidavit or lack thereof in a revocation proceeding is reviewable under patent error. However, I respectfully disagree because I believe this defect should be properly brought to the appellate court's attention by the defendant in an assignment of error. Notably, the cases holding the affidavit is reviewable under patent error are relatively recent and application of this holding may well lead to the invalidation of revocations heretofore thought to be valid.