602 So.2d 729 (1992)
STATE of Louisiana
v.
Garry JOHNSON.
No. 92-KA-89.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
Writ Denied June 19, 1992.
Dorothy A. Pendergast, Al Donovan, Gaynell Williams, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
The state filed a bill of information charging the defendant, Garry Johnson, with theft in the amount of $1,324.00 in violation of LSA-R.S. 14:67. He was arraigned on October 26, 1988 and pled not guilty. Subsequently, he withdrew his guilty plea and tendered a plea of guilty as charged. On February 14, 1989 as a result of a plea bargain, the defendant was sentenced to serve three years at hard labor. The sentence was suspended and the defendant was placed on active probation for one year with provisions for restitution specified as conditions of probation.
The state filed a rule to revoke the defendant's probation on January 31, 1990 accompanied by a letter alleging certain violations *730 of conditions of probation. The rule contained an order for the defendant to appear and show cause why his probation should not be revoked. An affidavit was not submitted with the rule. On May 21, 1990 at a hearing on the rule, the trial court with defendant's consent extended the probation for one year until May 21, 1991.
About one year later on April 29, 1991 an affidavit was sworn out against the defendant and on May 14, 1991 another rule to revoke was filed. After a hearing on October 30, 1991 defendant's probation was revoked. Defendant appeals that decision. We reverse.
There is no right of appeal from a probation revocation. However, in the interest of judicial economy this court will consider defendant's request for review as an application for supervisory writs. State v. Forest, 571 So.2d 893 (La.App. 5th Cir. 1990) writ denied 577 So.2d 13 (La.1991); State v. Rylee, 591 So.2d 794 (La.App. 5th Cir.1991).
On appeal defendant argues that the revocation proceeding on May 21, 1990 which resulted in the one year extension of defendant's probation was illegal since there was no affidavit. We agree.
Probation revocation proceedings are initiated with either the issuance of a warrant for the arrest of the defendant for violation of any of the conditions of probation or the issuance of a summons to appear to answer to a charge of violation or threatened violation. LSA-C.Cr.P. art. 899 A; State v. Armour, 564 So.2d 360 (La. App. 5th Cir.1990) writ denied 569 So.2d 961 (La.1990); State v. Rylee, supra.
In either case a supporting affidavit must be supplied. As we observed in State v. Forest, supra 571 So.2d at 895:
According to C.Cr.P. Art. 202, a warrant must be supported by an affidavit from a complainant and is improperly issued if it is not. C.Cr.P. Art. 385 provides that an affidavit must be executed under oath. See State v. Mims, 552 So.2d 664 (2nd Cir.1989) and State v. O'Doyle, 539 So.2d 1273 (3rd Cir.1989). C.Cr.P. Art. 209 permits the use of a summons instead of a warrant, provided the requirements of C.Cr.P. Art. 202 are met. [State v.] Davis, [562 So.2d 936 (5th Cir.1990) ] supra. Thus, a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation. Davis, supra.
In the instant case the rule to revoke filed on January 31, 1990 contained an order for the defendant to appear and show cause why his probation should not be revoked. A letter from the probation officer was submitted with the rule but an affidavit was not. The record reveals that on March 29, 1990 the defendant was arraigned on the rule to revoke. The matter was continued and the defendant was remanded to parish prison pending the hearing on the rule which ultimately was held on May 21, 1990.
The order to appear, included in the rule to revoke constituted a summons for the purpose of initiating the revocation proceeding pursuant to LSA-C.Cr.P. art. 899 A. State v. Rylee, supra. However, since the rule was not executed under oath as required by LSA-C.Cr.P. art. 385 the detention of the defendant and revocation proceeding are invalid. The defendant's consent notwithstanding, the one-year extension of the probation ordered by the trial court on May 21, 1990 is invalid.
The defendant correctly argues that because his probation was invalidly extended, it continued, uninterrupted, until its expiration on February 14, 1990. At that point defendant automatically satisfied the sentence imposed on him. LSA-C.Cr.P. art. 898; State v. Weysham, 410 So.2d 1104 (La.1982); State v. Rylee, supra. Thus, any subsequent summons and warrants issued by either the trial court or the probation department were invalid because they were issued or filed after the defendant had satisfied his sentence. State v. Rylee, supra. Therefore, the revocation of defendant's probation on October 30, 1991 was improper and is hereby set aside. State v. Rylee, supra.
*731 Because we set aside the defendant's probation revocation for the aforementioned reasons, we pretermit any discussion of the merits of the probation revocation.
Accordingly, we set aside the probation revocation.
PROBATION REVOCATION SET ASIDE.