Dear Mr. Delahaye:
This office is in receipt of your request for an opinion of the Attorney General relative to the use of property leased from the Iberville Parish School Board. You indicate the leased property is a portion of a larger tract of land owned by the School Board and within 300 to 500 feet of East Iberville High and Elementary Schools. The leased land is being operated by the Iberville Parks and Recreation District (IPRD) as a recreational and park site for public community use. It includes the ball field, tennis courts, basketball court on one portion, and the recreation center and rest rooms on the other portion. The School Board utilizes the ball fields during the school year for practice and games, but the recreation center is not used for school purposes.
Your questions concern the use of the recreation center for private social functions where there will be consumption of alcoholic beverages. You ask if R.S. 14:91.7 applies to all property owned by the School Board or only property used for school purposes; and the application of R.S. 14:91.7 in regard to serving and consuming alcoholic beverages in the recreation center which will not be used for school purposes.
R.S. 14:91.7 provides as follows:
 A. No person shall intentionally possess or consume alcoholic beverages upon public school property unless authorized by the principal or person in charge of the public school property at the time.
B. For purposes of this Section:
(1) "School" means any public elementary or secondary school.
 (2) "School property" means all property used for school purposes, including but not limited to school playgrounds, buildings, and parking lots.
 C. Whoever violates the provisions of this Section shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence.
In answering your question we must begin with the well-settled proposition that criminal statutes must be strictly construed against the state and in favor of the defendant. State v. Russland Enterprises, 555 So.2d 1365 (LA. 1990); State v. Cannon, 457 So.2d 1177 (La. 1984); State v. Freeman,411 So.2d 1068 (La. 1982).
We note that the statute prohibits possession of alcoholic beverages upon public school property which is defined in the statute as "property used for school purposes". Under the rule of strict construction, we would answer your first question by concluding that R.S. 14:91.7 applies only to property owned by the school board that is being used for school purposes.
Therefore, the statute would not be applicable to the recreation center while being used for private social functions rather than in use for school purposes.
Moreover, we are fortified in this conclusion by a reading of the exception in the statute. The statute prohibits the possession or consumption of alcoholic beverage upon public school property "unless authorized by the principal or person in charge of the public school property at the time".
Inasmuch as the school property in question is leased to the Iberville Parks and Recreation District, it would follow that they are in charge of the recreation center and can authorize the consumption of alcoholic beverages on its leased property and thereby remove it from the prohibition of R.S.14:91.7.
You ask your question with regard to the use of the recreation center for private social functions. However, you mention that the leased property is within 300 feet of the schools, but do not indicate if the municipality has any prohibition against issuance of alcohol licenses to businesses located within 300 feet of a school or public playground, or if this is contemplated. As a precaution, we attach an earlier opinion of this office on this subject, Atty. Gen. Op. No. 86-349, to be sure you are aware of R.S. 26:81 and 26:281
relative to the possible limitations on licensing of businesses selling alcohol in the proximity of schools.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0468f