DUFRESNE, Judge.
In November 1988, Henry Jackson, the defendant, entered a plea of guilty to unauthorized use of a credit card, LSA-R.S. 14:67.3. He was sentenced to two years in parish prison which was suspended and he was placed on active probation for two years, with the special condition that he make restitution of $408.80 to the victim and that he pay various court costs and fees.
On May 3, 1989, the Department of Corrections filed a rule to revoke based on several alleged violations of probation. The rule was amended on August 23, 1989 to add another alleged violation. On that same day, after a hearing, the trial judge revoked defendant's probation, but stated that he would not impose sentence for sixty days.
On January 10, 1990, the court issued an attachment for defendant when he failed to appear for the hearing to impose original sentence.
On September 24, 1992, defendant appeared before the court for a sanity hearing. At the conclusion of the hearing, the judge found defendant competent to stand trial. Defendant was remanded to parish prison to await imposition of sentence.
*432 On October 13, 1992, the court imposed defendant’s original sentence of two years in parish prison with credit for time served.
A Motion for Appeal was thereafter filed and although the defendant has no right of appeal from the revocation of his probation we will review the matter treating it as an application for supervisory writ.

ASSIGNMENT OF ERROR-NO. ONE

The original rule to revoke was improperly instituted in that it lacks an affidavit of the complaint.

DISCUSSION

In State v. Davis, 562 So.2d 936 (La.App. 5th Cir.1990), writ denied, 568 So.2d 1060 (La.1990), a panel of this court addressed this issue and reversed defendant’s probation revocation because there was no affidavit issued in support of the rule to revoke. In accord see State v. Johnson, 602 So.2d 729 (La.App. 5th Cir.1992) and numerous cases cited therein.
In the present case, the probation revocation proceedings were instituted by a rule to revoke filed on May 3, 1989. Attached to the rule was an order for defendant to appear and show cause why his probation should not be revoked. The order to appear, included in the rule to revoke, constituted a summons for the purpose of initiating the revocation proceeding. State v. Broussard, 408 So.2d 909 (La.1981). However, the rule did not amount to an affidavit because it was not executed under oath, as required by LSA-C.Cr.P. art. 385. State v. Rylee, 591 So.2d 794 (La.App. 5th Cir.1991). Since no affidavit of any kind was prepared to support the rule to revoke, the defendant’s probation revocation was improperly instituted and must be set aside.
Because we set aside the defendant’s probation revocation, we pretermit any discussion of the merits of the probation revocation or the sentence imposed by the trial court.

PROBATION REVOCATION SET ASIDE.