674 So.2d 944 (1996)
STATE of Louisiana
v.
Michael DUHON.
STATE of Louisiana
v.
Norwen FRANCIS.
Nos. 95-KK-2724, 95-KK-2726.
Supreme Court of Louisiana.
May 21, 1996.
Timothy Michael Cassidy, Cassidy & Gunnell; for Applicant (No. 95-KK-2726).
Richard Phillip Ieyoub, Attorney General, Michael C. Cassidy, District Attorney, William J. Riley, III, Bennett R. LaPoint, for Respondent (No. 95-KK-2726).
WATSON, Justice.[*]
Defendants contest the validity of their probation violation summonses. LSA-C.Cr.P. art. 899.

FACTS
Defendant, Michael Duhon, convicted of possession of a controlled dangerous substance, and defendant, Norwen Francis, convicted of forgery, were placed on supervised probation. Subsequently, the probation officer in each case filed an "Affidavit/Motion and Order For Hearing To Revoke Probation." These documents listed the probation violations, and were both signed by the probation officer and notarized. In both instances, defendants' joint counsel filed a Motion To Quash the proceedings on the grounds that the Affidavit/Motion and Order For Hearing To Revoke Probation was not properly supported by a sworn affidavit containing a written accusation of crime as required by La.C.Cr.P. art. 385. Both motions to quash were denied by the trial court; and *945 the court of appeal denied both writ applications. The defendants' writs were granted to determine whether the affidavits satisfy the legal requirements. 95-2724 (La. 2/9/96), 667 So.2d 550; 95-2726 (La. 2/9/96), 667 So.2d 550.

LAW
The defense refers to the definition of affidavit as found in La.C.Cr.P. art. 385 as controlling. However, this article is located in Title X of the Code of Criminal Procedure, Instituting Criminal Prosecutions, and should not be applied to post conviction proceedings. The revocation of parole is not a part of the criminal prosecution. Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 781-782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973). A post conviction probation revocation is a separate proceeding independent from the original criminal charge. State v. Sibley, 583 So.2d 847 (La.App. 5 Cir.1991). Thus, the definition of affidavit as found in La.C.Cr.P. art. 385 is inapplicable to the present situation.
A probation revocation proceeding may be initiated by either an arrest warrant charging a defendant with violating conditions of probation, or by a summons to appear and answer a charge of violation or threatened violation. La.C.Cr.P. art. 899(A)[1]. Under La.C.Cr.P. art. 209[2], a summons may be issued instead of an arrest warrant, if there is reasonable ground to believe that the person against whom the complaint is made will appear upon the summons. In order for a summons to be issued under La.C.Cr.P. art. 209, the requirements of La.C.Cr.P. art. 202[3] must be met. Under La.C.Cr.P. art. 202, the person making the complaint must execute an affidavit specifying, to the best of his or her knowledge, the nature, date, and place of the offense, and the name of the offender and any person injured.

ANALYSIS
The defendants' motions to quash argue that the Affidavits/Motions and Orders For Hearing To Revoke Probation must be supported by sworn affidavits charging them with crimes. La.C.Cr.P. art. 385. Crimes are defined by LSA-R.S. 14:7[4] and 14:8[5]. However, a summons issued for a probation violation, by its very nature, does not cite a crime but a parole violation. Orders to appear before the trial court, which cite parole violations, and rules to revoke probation, constitute valid summonses for the purpose of initiating revocation proceedings. State v. Broussard, 408 So.2d 909 (La.1981); State v. Johnson, 602 So.2d 729 (La.App. 5 Cir.), writ denied, 601 So.2d 663 (1992); State v. Sibley, *946 583 So.2d 847 (La.App. 5 Cir.1991); State v. Rylee, 591 So.2d 794 (La.App. 5 Cir.1991).
The defendants' main argument is centered on content, i.e. that the summons cannot be a valid affidavit because it does not cite a crime. However, the cases cited by the defendants all focus on the issue of whether the writing was made under oath, not whether a crime was specified. Written statements citing to parole violations are valid if made under oath. See State v. O'Doyle, 539 So.2d 1273 (La.App. 3 Cir.1989), a letter notifying the trial judge that the defendant had "absconded from supervision" was not an affidavit as it was not made under oath or sworn to; State v. Mims, 552 So.2d 664 (La.App. 2 Cir.1989), two letters written to the trial judge by the probation and parole agent did not qualify as affidavits because they were not made under oath; State v. Forest, 571 So.2d 893 (La.App. 5 Cir.1990), writ denied, 577 So.2d 13 (La.1991), rules to revoke did not constitute affidavits because they were not executed under oath; State v. Rylee, supra, a rule to revoke, although constituting a summons for the purpose of initiating the revocation proceeding, did not amount to an affidavit because it was not executed under oath; State v. Johnson, supra, since the rule to revoke probation was not executed under oath, the revocation proceedings were invalid; and State v. Armour, 564 So.2d 360 (La.App. 5 Cir.), writ denied, 569 So.2d 961 (1990) a probation officer's letter to the trial court and a rule to revoke probation were not affidavits as they were not made under oath. Additionally, in State v. Kimble, 411 So.2d 430 (La.1982), this Court addressed the requirements of an affidavit in a case concerning a traffic ticket and held that a police officer's traffic ticket, although signed, was not an affidavit because it was not made under oath. Clearly, an affidavit's definitive characteristic is the fact that the writing is made under oath.
Finally, the defendants argue that the affidavits are defective in form because they contain no indication that they are affidavits except for the notary inscriptions. There is no legal requirement that an affidavit must be made in any particular form. These Affidavits/Motions and Orders for Hearing to Revoke Probation are typed, clearly written, made under oath, and contain a notary inscription. They unambiguously inform the defendants which parole conditions were violated and instruct them as to the revocations hearing's date and time. Affidavit is defined in Black's Law Dictionary as:
A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. BLACK'S LAW DICTIONARY 58 (6th Ed.1990)
The argument that a probation revocation must be in a particular form in addition to being written, under oath, and signed by the affiant is without merit.
Since sworn affidavits were provided in these cases, we pretermit the question of whether affidavits are necessary to support probation violation summonses, a question which has created intermediate court conflict. See, for example, State v. Loren, 587 So.2d 162 (La.App. 4th Cir.1991) and State v. O'Doyle, 539 So.2d 1273 (La.App.3d Cir. 1989).

CONCLUSION
The Affidavits/Motions and Orders for Hearing to Revoke Probation at issue are legally sufficient. Due process requires that a probationer be given notice that a revocation hearing will take place. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Affidavits/Motions and Orders for Hearing to Revoke Probation were specific in detail and sufficient in content to satisfy this requirement.
For the foregoing reasons, the trial court judgments are affirmed.
AFFIRMED.
NOTES
[*] Because of the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit, there was no justice designated "not on panel" under Rule IV, Part 2, Sec. 3. Panel included Chief Justice Calogero and Justices Marcus, Watson, Lemmon, Kimball, Johnson and Victory.
[1] La.C.Cr.P. art. 899 provides in pertinent part:

A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
The warrant of arrest may be executed by any peace officer and shall direct that the defendant be returned to the custody of the court or to a designated detention facility. The summons shall be personally served upon the defendant.
[2] La.C.Cr.P. art. 209 provides:

When a complaint is made of the commission of a misdemeanor and the requirements of Article 202 are met, the magistrate may issue a summons instead of a warrant of arrest, if he has reasonable ground to believe that the person against whom the complaint is made will appear upon a summons. In a case where a summons has been issued, a warrant of arrest may be issued later in its place.
[3] La.C.Cr.P. art. 202 provides in pertinent part:

A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any,...
[4] LSA-R.S. 14:7 provides:

A crime is that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state.
[5] LSA-R.S. 14:8 provides:

Criminal conduct consists of:
(1) An act or a failure to act that produces criminal consequences, and which is combined with criminal intent; or
(2) A mere act or failure to act that produces criminal consequences, where there is no requirement of criminal intent; or
(3) Criminal negligence that produces criminal consequences.