IzGONZALES, Judge.
A writ of certiorari was granted herein to determine whether the trial court properly extended the relator’s probation, based on a document signed by the relator purportedly consenting to the extension, and whether the trial court properly revoked the probation after the relator’s original term of probation had expired.
PACTS AND PROCEDURAL HISTORY
Relator, Alicia Strain, was charged with and pled guilty to theft of property valued over $500.00, a violation of La. R.S. 14:67. On September 4, 1991, Strain was sentenced to three years imprisonment at hard labor, but the court suspended the sentence and placed her on probation for three years with the following special conditions: Strain was required to pay a fine of $750.00 and court costs in regular periodic payments within a period of thirty months; pay an additional $200.00 to the Indigent Defender Fund within a period of thirty months; and pay a $20.00 per month probation supervision fee.
The record contains a document entitled “Consent to Extend Probation,” which was signed by Strain with David C. Miller, her probation officer, as a witness. The document is dated August 31,1994, and states, in pertinent part:
I, Alicia Strain, the defendant in the above captioned matter do hereby consent to have my probation extended for a period of one (1) year in order to allow me to complete the following special conditions of probation:
1) Pay a fine of $750 and costs within a period of 30 months.
2) Pay an additional $200 to the Indigent Defender Fund within a period of 30 months.
3) Pay $20 per month probation supervision fee.
I hereby waive a formal hearing in this matter and I also waive the right to have counsel present.
/s David C. Miller /s Alicia Strain
Witness Probationer
The record contains a motion dated August 31, 1994, and filed by Miller on November 4, 1994, in which he sought an order from the court extending Strain’s probation for an additional year due to her failure to pay the fines imposed, and based on her agreement to have her probation extended to complete the conditions.
The record also contains a document signed by the district court on November 4, 1994, and entitled “Order of Court,” which states:
13CONSIDERING the above and foregoing report of David C. Miller, Probation Officer, to the effect that Alicia Strain has failed to complete the conditions of her *666 probation as set forth above, the consent to extend probation signed by the defendant and sufficient evidence thereof having been presented to the Court,
IT IS ORDERED that the order suspending sentence and placing the accused on probation be and the same is hereby extended for a period of one(l) year in order that probationer can complete the following special eondition(s): ...
The section of the document in which the conditions were to be placed is blank. The record does not show that a hearing was held in connection with this order.
The record contains an affidavit dated April 19, 1995, in which Miller attests to Strain’s violation of the conditions of her probation, including her failure to pay the fines, her failure to submit supervision reports, and her failure to obtain Miller’s permission before moving on six occasions. The record also contains a warrant for Strain’s arrest due to these allegations. The Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, filed a motion for a hearing to revoke probation. A minute entry from April 8, 1996, shows that, after a revocation hearing, the court revoked Strain’s probation and made her sentence executory, ordering her to serve the original sentence of three years at hard labor.[2]
Strain filed an application for a writ of habeas corpus, alleging that while with her probation officer, she involuntarily signed an extension of her probation without approval of the trial court. She alleges that her probation expired in September of 1994, without any institution of revocation proceedings. She contends the probation officer was without legal authority to extend her probation. The trial court denied her writ without a hearing. In a subsequently filed “Motion to Reconsider Sentence,” Strain alleged that she did not willfully violate any condition of probation, but moved to “find a job to support [her] family and to catch up with the fees and fines owed.” The court also denied this Lmotion, and Strain attempted to file an out-of-time appeal. Strain applied for writs with this court seeking a review of the trial court’s denial of her writ of habeas corpus. This court issued a writ of certiorari.
AUTHORITY TO MODIFY PROBATION
A trial court has the authority to suspend a sentence and place a defendant on probation. La.C.Cr.P. art. 893(A). The court is required to specify the period of probation, which shall not be less than one year nor more than five years. La.C.Cr.P. art. 893(A). The trial court is also authorized to terminate a defendant’s probation and discharge the defendant under La.C.Cr.P. art. 897.[3]
Articles 899 and 900 of the Louisiana Code of Criminal Procedure set forth the procedure to be followed in the event of a violation of probation. The authority of the trial court is illustrated by La.C.Cr.P. art. 899(A) which states, in pertinent part: “At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.” (Emphasis added.)
The authority of the probation officer, in the event of a possible probation violation, is set forth in La.C.Cr.P. art. 899 which states, in pertinent part:
* * * * * *
B. If a probation officer has reasonable cause to believe that a defendant has violated or is about to violate a condition of his probation or that an emergency exists so that awaiting an order of the court would create an undue risk to the public or to the probationer, the probation officer *667 may arrest the defendant without a warrant, or may authorize a peace officer to do so. The authorization may be in writing or oral, but if not written, shall be subsequently confirmed by a written statement. The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant. The probation officer shall immediately notify the proper court of the arrest and shall submit a written report showing in what manner the defendant violated, or was about to violate, a condition of his probation.
J* * * * * * ¡L
F. Incidental to the supervision of probationers, probation officers shall be deemed to be peace officers and shall have the same powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions. They have all the immunities and defenses now or hereafter made available to sheriffs, constables, and police officers in any suit brought against them in consequence of acts done in the course of their employment.
Thus, the probation officer only has the authority to arrest the probationer or have the probationer arrested under certain circumstances.[4] Louisiana Code of Criminal Procedure article 900 provides the procedure to be followed after an arrest or service of a summons pursuant to Article 899. According to Article 900, as it read, in pertinent part, at the time of Strain’s sentencing:[5]
After an arrest or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(1) Reprimand and warn the defendant;
(2) Order that supervision be intensified;
(3) Add additional conditions to the probation; or
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing; or
(5) Extend the period of probation provided the total amount of time served by the defendant on probation for any one offense shall not exceed the maximum period of probation provided by law. (Emphasis added.)
Under La.C.Cr.P. art. 900(5), only the trial court could extend Strain’s probationary period after the procedures set forth by Articles 899 and 900 were | (¡followed.[6] The probation officer does not have the authority to extend the probation period, but only the authority to supervise the probationer and to bring to the court’s attention a violation or potential violation of the conditions of probation. Therefore, the document Strain executed before her probation officer entitled “Consent to Extend Probation” did not legally extend her probation.
Strain’s signing of this document in which she allegedly consented to extend her probation did not stop the running of the probationary period. Louisiana Code of *668 Criminal Procedure article 899(D) provides for the suspension of the running of the probationary period as follows: “When a warrant for a defendant’s arrest or a summons for defendant’s appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detain-er is issued.” Therefore, had Miller wanted to stop the period of probation from running when Strain failed to satisfy the conditions of her probation, he could have sought the issuance of a warrant or summons or had a detainer issued under La.C.Cr.P. art. 899(B). No warrant, summons, or detainer in compliance with La.C.Cr.P. art. 899(B) was issued in this case during Strain’s original probation term to suspend the term. See State v. Cannon, 457 So.2d 1177, 1178-1179 (La.1984).
A defendant satisfies the sentence imposed by the trial court once he completes the original period of probation. See State v. Weysham, 410 So.2d 1104, 1105 (La.1982). According to La.C.Cr.P. art. 898, “Upon completion of the period of suspension of sentence or probation, or an earlier discharge of the defendant pursuant to Article 897 [where the court terminates a defendant’s probation and discharges the defendant at any time after the expiration of one year of probation], the defendant shall have satisfied the sentence imposed.... ” Strain completed the original period of probation on September 4, 1994, and satisfied the sentence imposed.
|7pnce the time period for Strain’s original probation had run, the trial court could not extend her probation. Additionally, the trial court could not later revoke Strain’s probation during the extended period because the extension was invalid. See State v. Johnson, 602 So.2d 729, 730 (La.App. 5th Cir.), writ denied, 601 So.2d 663 (La.1992); State v. Rylee, 591 So.2d 794, 796 (La.App. 5th Cir.1991), writ denied, 594 So.2d 1316 (La.1992). Thus, the trial court’s extension of Strain’s probation on November 4, 1994, and its revocation on April 8, 1996, were ineffective.
DECREE
Therefore, for the foregoing reasons, the writ of certiorari issued herein is made PEREMPTORY, the order of the trial court revoking Strain’s probation and making the suspended sentence executory is VACATED; Strain is ORDERED RELEASED FROM CUSTODY on that conviction and her SENTENCE IS DEEMED SATISFIED as of September 4,1994.

. While her writ was pending, Strain informed this court that she was granted parole on or about January 21, 1997, and that she would have two years on parole after her release on February 15, 1997.

. Furthermore, we note that, under La.C.Cr.P. art. 896, the trial court is authorized to “at any time during the probation period, modify, change, or discharge the conditions of probation, or add further conditions_” Such modification would not appear to include the term of the probation period. See La.C.Cr.P. arts. 895-895.4.

.An offender arrested under Article 899 "shall be given a prerevocation hearing within a reasonable time after his arrest to determine if there is probable cause to detain him pending a final violation hearing.” La.C.Cr.P. art. 899(E).

.Louisiana Code of Criminal Procedure article 900 was amended by 1991 La. Acts No. 96, § 1 and by 1995 La. Acts No. 335, § 1. In addition to some punctuation changes and the inclusion of commitment to a community rehabilitation center as an additional probation condition, the 1991 amendment redesignated subparagraph (A)(5) as (A)(6). The 1995 amendment changed the delay for a hearing to within ten days.

.Similarly, under La.C.Cr.P. art. 895(A)(7), the trial court must state the amount of restitution in a sentence requiring restitution and cannot delegate that responsibility to the probation department. State v. Hardy, 432 So.2d 865, 866 (La.1983).