Dear Mr. Pickering:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. 01-454 in regard to free passage on and over the Crescent City Connection for law enforcement personnel. You state as follows:
 By codifying the right of free passage for "law enforcement personnel" under the State Police Law with the long established exemption from tolls for state police, the legislature chose to limit the newer exemption to police whose full time duties include the prevention and detection of crime, the apprehension of criminals, the enforcement of criminal and traffic laws, and the keeping of the peace and good order, who are peace officers with the same powers with respect to criminal matters and the enforcement of the laws relating thereto as sheriffs and police officers have in their respective jurisdictions.
Accordingly, you conclude a broader reading would lead to absurd consequences and would run counter to the purposes, history and policy of tolls in this state, and the legislative grant of unhampered access is limited strictly to the law enforcement personnel of agencies which are responsible for the prevention and detection of crime and the enforcement of the criminal, traffic or highway laws of this state and who are employed in this state, "i.e., police officers".
As observed in Atty. Gen. Op. 91-557 the term "law enforcement personnel" is not defined in the statute, and the statute provides no guidance. It was stated that it was necessary to look to other statutes to create an appropriate definition. It was concluded, "In our opinion the statute is designated to cover those persons commonly known as policeman who work full-time in that profession." It was additionally determined the statute would include federal officers such as FBI and DEA if they are employed within the state.
Subsequently, in Atty. Gen. Op. Nos 99-365 and 99-284, this office found that juvenile probation officers fall under the definition of "peace officer", citing C.Cr.P. Art 899(F), Ch.C. Art. 421. Accordingly, it was concluded that the duties imposed upon a juvenile probation officer includes those responsibilities statutorily imposed upon peace officers and within the group of individuals mandated by law to complete mandatory training requirements imposed by R.S. 40:2405.
Also, we note in State v. Loren, 587 So.2d 162 (La.App. 4 Cir. 1991) that the court stated "probation officers are peace officers with all of their power and immunities" and cites C.Cr.P. Art. 899, as does State exrel Strain v. State of Louisiana, 696 So.2d 664 (La.App. 1 Cir. 1997). Significantly, C.Cr.P Art 899(F) provides that probation officers shall be deemed peace officers and "shall have the same powers with respect to criminal matters and enforcement of the law relating thereto as sheriffs, constables, and police officers have in their respective jurisdictions."
Additionally, in State v. Ahlfeldt, IV, 801 So.2d 663 (La.App. 3 Cir. 2001) it was found that R.S. 14:34.2, which is relative to battery of a "police officer", includes therein "probation and parole officers" in response to defendant's argument that the statute fails to specifically name state troopers among the law enforcement officers listed in its definition of police officers. It was found clear that the Legislature intended that all duly commissioned police officers would be considered police officers under the provisions of R.S 13:34.2. Therefore, we find it significant that "probation and parole officers" are specifically included.
Most significant is that probation officers "have full power and authority to make an arrest" in Ch.C. Art 421 which is clearly a function of law enforcement, and for East Baton Rouge Juvenile Court R.S. 13:1629
specifically provides that the probation officers shall make all investigations as the chief judge directs, and all commissioned officers shall have the power and authority of deputy sheriffs to make arrests.
You state that the legislative intent in providing for unhampered passage on bridges and ferries are for law enforcement personnel whose duties are to "prevent and detect crime, apprehend criminals, enforce the criminal and traffic laws" and whose powers include "powers with respect to criminal matters and the enforcement of the law relating thereto as sheriffs, constables and police officers". In this regard, as stated hereinabove, the Court in State v. Loren, supra, has declared that probation officers shall have the same powers with respect to criminal matters and enforcement of the law as sheriffs, constables and police officers, and we find the power to arrest is an aspect of preventing and detecting crimes, and apprehending criminals. Thus, this would not be in conflict with your statement that Rule 70 LAC 513 limits legislative grant of unhampered access strictly to law enforcement personnel of agencies which are responsible for prevention and detection of crime, and enforcement of the criminal laws of this state.
Moreover, we adhere to your admonition that all parts, provisions and sections of law must be read together, and do not find that our prior opinion that probation officers are included as law enforcement personnel for unhampered passages is incorrect when this is done. While the courts have found probation officers have the same powers as peace officers with respect to criminal matters and enforcement of law relating thereto as sheriffs, constables and police officers, we find they are statutorily designated as "police officers" and "peace officers" in numerous statutes in addition to R.S. 14:30, C.Cr.P. Art 222 and C.Cr.P. Art 905.4
that you recognize as providing "peace officer" includes probation officers. Others include R.S.14:34.2, 14:34.6, 14:37.3, 14:43.5, 14:108,14:129.1. 14:130.1, 46:1802, C.Cr.P. Art 221, C.Cr.P. Art. 905.4.
We further note that R.S. 15:529.1 provides that a "probation, parole, police, or other peace officer" who is aware of a person charged with or convicted of a felony that has previously been convicted or adjudicated as a delinquent shall immediately report the fact to the D.A. Not only does this group the probation officer with "other peace officers", we feel this is a duty related to enforcement of criminal laws of this state with respect to sentencing.
Therefore, we believe it must be concluded that probation officers are "law enforcement personnel" entitled to unhampered access over bridges and ferries. Any further disagreement with this office's conclusion that probation officers are included as "law enforcement" within the meaning of R.S. 40:1392(D) would be a matter for determination by the courts or amendment by the legislature to clarify the meaning of "law enforcement."
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: July 2, 2002