PER CURIAM.
Writ granted; case remanded. The district court erred in finding that relator’s probationary period ended on September *171 14, 2005. Relator’s five-year term of probation commenced on September 14, 2000. However, the state’s motion to revoke probation based on relator’s failure to pay restitution, filed on October 14, 2002, suspended the running of the period. La. C.Cr.P. art. 899(D). Relator’s probationary period was further suspended by her request to defer the revocation proceeding while her civil appeal was pending. State v. Sibley, 583 So.2d 847, 848 (La.App. 5th Cir.1991)(actual setting of rule to revoke probation and probationer’s request for postponement of hearing within probationary period suspended running of two-year probationary period). The probationary period resumed when the district court set the restitution amount on February 22, 2005. Because the period of probation was suspended as a result of the state’s revocation motion and relator’s request for deferment of the revocation proceeding, the trial court erred in finding that the probationary period had run during the approximately two-year and two-month delay. Accordingly, the case is remanded to the district court for a clarification of relator’s probationary status.