# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DIAMOND MCELWEE

NO. 2026 KW 0008

**FEBRUARY 20, 2026**

---

In Re:    Diamond McElwee, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-21-05963.

---

**BEFORE:    MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT GRANTED.** Upon completion of the period of probation, the defendant shall have satisfied the sentence imposed. See La. Code Crim. P. art. 898. Probation shall not be extended based solely upon the defendant's inability to pay fines, fees, or restitution to the victim. See La. Code Crim. P. art. 894.4. It is well established that once a probationary period has elapsed, the defendant has automatically satisfied the sentence imposed. **State v. Cannon**, 457 So.2d 1177, 1178-1179 (La. 1984); see also **State ex rel. Strain v. State**, 96-2308 (La. App. 1st Cir. 6/20/97), 696 So.2d 664, 668. In this case, the record reflects that relator was placed on misdemeanor probation on August 23, 2023. A warrant was issued for relator's failure to appear on March 5, 2024, and was recalled one day later on March 6, 2024. Thus, suspending the probationary period for one day. The record does not reflect that a warrant, summons, or detainers for violating a condition of probation was issued for relator during the remaining probationary period. As a result, relator's probation was completed, albeit unsuccessfully, on August 24, 2025. Therefore, relator's probation may not be extended, and the district court's ruling denying the motion to quash the probation revocation proceedings in this matter is reversed, the motion is granted, and this matter is remanded for further proceedings in light of the outstanding restitution owed by relator.

WEF
BDE

**Miller, J.,** concurs in part and dissents in part. If we assume that the revocation hearing was properly noticed, indicating the grounds for revocation, prior to the end of the probationary period, (a dubious assumption in light of the record before us) when relator appeared on August 25, 2025, the district court had the option to revoke the probation or terminate the probation. If the district court was inclined to terminate the probation, it was necessary that relator's ability to pay be considered. See La. Code Crim. P. art. 894.4. Instead, the district court took relator into custody and expressly extended the probation, resulting in a probationary term that exceeded the time allowed for misdemeanor probation. This constitutes error and I would grant the writ to correct. However, I would not remand for further proceedings associated with the restitution. Upon completion of the period of probation, the defendant shall have satisfied the sentence imposed. See La. Code Crim. P. art. 898.

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT